UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL GUILIANO : | CASE NO.: 300CV02115CFD |
| : | |
| v. : | |
| : | |
| NATIONAL RECOVERY AGENCY, INC. : | January 20, 2004 |
| ARTHUR A. KUSIC : | |

PLAINTIFF'S MOTION FOR RULE 37 ORDERS

On October 16, 2001, this Court ordered defendants to comply with certain discovery requests by October 31, 2001, subject to entry of a confidentiality order. Doc. No. 25. The Confidentiality Order entered Nov. 7, 2001. To date, defendants have repeatedly refused to provide any information related to their authorization to collect for the creditor (SNET).

Defendants identified as fact issues for trial: "13. Whether SNET <u>withdrew from collection</u> the account to collect Plaintiff's overdue telephone bill from Defendant NRA, and, if so, on what date such withdrawal became effective; 14 Whether SNET <u>had the authority under controlling contracts to withdraw from collection</u> the account to collect Plaintiff's overdue telephone bill from Defendant NRA, and, if so, on what date such withdrawal became effective." Def. Local Rule 9(c)2 Statement at 11, appended to Doc. No. 75. Even though defendants represented, in December 2001. that they would produce the controlling contract; even though they had been ordered to produce it; even though the Magistrate Judge found the terms of the contract significant (Recommended Ruling, Doc. No. 107 at 2, 5); even though defendants have asserted as factual matter to support their each of their Affirmative Defenses and Counterclaim that "This SNET account was subsequently referred to to Defendant NRA on May 23, 2000, for collection" Doc. No. 101 at ¶ 18, restated in ¶¶24, 31, 34, 41; see also ¶

35 ("the SNET debt which had been assigned to Defendant NRA for collection"), defendants have persistently refused to substantiate any claim that they had the authority to collect for SNET or the controlling terms of the contract regarding withdrawal from collection.

Pursuant to Fed. R. Civ. P. 37(b)(2), and (d)(1) plaintiff moves for the entry of a default against defendant Kusic, who signed the contract; an order establishing for purposes of this action that defendants had no right or authority to collect on behalf of SNET; and such other and further relief as the Court deems appropriate.

                                                  THE PLAINTIFF

ORAL ARGUMENT NOT REQUESTED

                                                  BY___/s/ Joanne S. Faulkner
                                                  JOANNE S. FAULKNER ct04137
                                                  123 Avon Street
                                                  New Haven, CT  06511-2422
                                                  (203) 772-0395
                                                  j.faulkner@snet.net

This is to certify that the foregoing was mailed on January 19, 2004, postage prepaid, to:

Eric Dean Jr
111 Whitney Ave
New Haven CT 06510

                                                  /s/ Joanne S. Faulkner
                                                  Joanne S. Faulkner