UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL GUILIANO | : | CASE NO.: 300CV02115CFD |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RECOVERY AGENCY, INC. | : | |
| ARTHUR A. KUSIC | : | |
| | : | January 20, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION FOR RULE 37 ORDERS

Plaintiff brought this case under the Fair Debt Collection Practices Act, 15 U.S.C. 1692-1692o. Defendants violated the Fair Debt Collection Practices Act, inter alia, by unilaterally withdrawing money out of plaintiff's direct deposit social security funds without his knowledge or consent. Even after very specific knowledge that plaintiff did not consent to defendants' withdrawal of funds, and that the creditor had withdrawn the account from collection, defendants tried to remove funds again. The Magistrate Judge found that the withdrawals did not comply with the Electronic Fund Transfers Act. Doc. No. 107 at 16-17.

Moreover, Defendants' initial dun includes several misrepresentations. For instance, on its face, it limits any dispute to whether payment has already been made, and requires the consumer to provide documentation. This directly contradicts 1692g, which does not so limit any dispute and requires the collector to provide verification. Castro v. ARS National Services, Inc., 2000 U.S. Dist. Lexis 2618 *10 (S.D.N.Y. 2000) (awarding judgment on the pleadings to plaintiff on letter demanding that a

debtor provide proof of payment). There is no substantial justification for defendant's repeated refusal to comply with the Court's Order to produce the information about their relationship with SNET.[1]

Defendants have not complied with their discovery obligations (material to which they did not object) or with the Order endorsed on Doc. No. 25 whereby the Court ordered them to comply with Production requests 2, 5, 6, 9.

The following missing material is mandated by the terms of the Order or by defendants' failure to object to the production requests:

The <u>collection agreement</u> with Forward Thinking on behalf of plaintiff's creditor was first referred to at the deposition and is responsive to Prod. 1, 2, 5, 6, 9, 10. Defendants agreed to produce at the deposition p. 97 (twice), copy attached.[2]

---

[1] Plaintiff has requested compliance on the record at least four times. Doc. Nos. 56, 64, 74, 77

[2] 1. All documents (including electronic information) transmitted to defendant by or on behalf of SNET with regard to plaintiff's alleged debt to SNET. If an original copy is not available, please provide the format of the document.
2. All documents or the forms thereof transmitted by defendant to plaintiff, to SNET, or to any other person or entity with regard to plaintiff's alleged debt to SNET. If an original copy is not available, please provide the format of the document.
5. All instructions and authorizations to defendant from SNET applicable to plaintiff's debt.
6. All documents reflecting service and billing arrangements, collection guarantees, reports, and the like, between defendant and SNET related to plaintiff's alleged debt.
9. All other documents with regard to plaintiff's alleged debt and defendant's efforts to investigate and collect thereon, including internal collection records, audit records, and correspondence.
10. All records of plaintiff's account with SNET, including dates and amounts of payments and the underlying credit agreement.

<u>Reports and payments</u> Prod 2, 5, 6, 9, 10. At the deposition (p. 98) defendants said they had produced the collection reports and payments to SNET/Forward Thinking but they have not. They agreed to produce this material at p. 99 (copy attached).

## CONCLUSION

Plaintiff's Motion for Rule 37 Orders should be granted. "District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys and should be prepared to impose sanctions when they encounter it." <u>Residential Funding Corp. v. DeGeorge Financial Corp</u>., 306 F.3d 99 (2d Cir. 2002)

              THE PLAINTIFF


              BY____/s/ Joanne S. Faulkner
              JOANNE S. FAULKNER ct04137
                123 Avon Street
                New Haven, CT 06511-2422
                (203) 772-0395
                j.faulkner@snet.net


This is to certify that the foregoing was mailed on January 19, 2004, postage prepaid, to:

Eric Dean Jr
111 Whitney Ave
New Haven CT 06510

              __/s/ Joanne S. Faulkner
              Joanne S. Faulkner