FILED

2004 FEB -2  P 2: 59

U.S. DISTRICT COURT
HARTFORD. CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO              :   CASE NO.: 300CV02115CFD
                             :
v.                           :
                             :
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC              :
                             :   JANUARY 30, 2004


### DEFENDANTS' OBJECTION TO PLAINTIFF'S
### MOTION FOR RULE 37 ORDERS
### AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF
### AND PLAINTIFF'S COUNSEL

Pursuant to Federal Rules of Civil Procedure 37, 33, 34, and 26(b), Defendants

object to Plaintiff's Motion for Rule 37 Orders, filed on or about January 20, 2004, on

the following grounds:

**A. THE ITEM REQUESTED BY PLAINTIFF WAS NEVER
REQUESTED IN DISCOVERY; HENCE, PLAINTIFF CANNOT FILE A
MOTION FOR RULE 37 SANCTIONS BASED ON SUPPOSED
NONCOMPLIANCE.**

1. Plaintiff never requested the Forward Thinking Agreement in his discovery.

The item of potential evidence in which Plaintiff now expresses interest is the

"Forward Thinking Agreement," an agreement between Defendant NRA and a third-

**NO ORAL ARGUMENT REQUESTED
NO EVIDENCE REQUIRED**

1

party entity know as "Forward Thinking". This Forward Thinking agreement was never requested in Plaintiff's discovery. In his discovery requests, Plaintiff did not ask for agreements between Defendant NRA and any third-party such as Forward Thinking. Plaintiff has not attached any item of discovery to his Motion for Sanctions, which would demonstrate that he requested any documents which would have included the Forward Thinking agreement in discovery. The inescapable conclusion is that these materials were NOT requested in discovery.

Hence, Plaintiff at this time cannot file a Motion for Sanctions/Compel for the supposed failure of Defendants to comply with a discovery request, when that discovery request was never properly filed.

### B. THE DEADLINE FOR DISCOVERY EXPIRED OVER TWO YEARS AGO; AND PLAINTIFF ALREADY FILED A MOTION FOR SANCTIONS, WHICH WAS DENIED BY MAGISTRATE JUDGE GARFINKEL, IN APRIL OF 2002, ALMOST 2 YEARS AGO:

1. The deadline for discovery expired over 2 years ago.

The discovery deadline in this case was August 20, 2001. Discovery was extended by 120 days to December 18, 2001. Hence, the deadline for discovery in this case expired on December 18, 2001, over 2 years ago. The item of potential evidence in which Plaintiff now expresses interest is the "Forward Thinking Agreement," an agreement between Defendant NRA and a third-party entity know as "Forward Thinking". This Forward Thinking agreement was never requested in Plaintiff's

discovery, which consisted of two sets of interrogatories and two sets of requests for production of documents.

    2. <u>Plaintiff's attorney misrepresented to Defendants' attorney that the Forward Thinking agreement had been properly requested in discovery—when in fact no such discovery request had been made</u>.

The discovery deadline was December 18, 2001. On December 20, 2001, (see the portion of the deposition attached to Plaintiff's Motion (pages 97-99), Plaintiff's attorney made a demand for the Forward Thinking agreement, leading Defendants' attorney to believe that the Forward Thinking agreement had been properly requested in discovery, which it was not.

The statements made by Plaintiff's attorney were false, and calculated to deceive and mislead. When Defendants' attorney checked the facts, he discovered that the Forward Thinking agreement was never requested in discovery, and in a letter to Plaintiff's attorney, dated March 20, 2002, stated:

> Pursuant to your attached e-mail of 1/19/02, most of this information was already provided to you, or was never requested by you in discovery. . . . . (6) Agreement with Forward Thinking: this was never requested by you in any of your Interrogatories or Requests for Production. If you maintain that it is subject to your Interrogatories or Requests for Production, please set forth exactly which Interrogatory or Request for Production requests this material. The only agreements you requested in your discovery were agreements between Defendant NRA and/or Kusic and SNET; as we have consistently responded: there are no such agreements between NRA and Arthur Kusic and SNET. [see Exhibit A, attached hereto and incorporated herein; see also Exhibit B, attached hereto and incorporated herein]

3

In other words, Plaintiff's attorney never requested the Forward Thinking agreement in discovery, discovery expired on December 18, 2001, and on December 20, 2001, Plaintiff's attorney represented to Defendants' attorney that this document had been properly requested—when this was not true. In his letter of March 20, 2002, Defendants' attorney made it clear that there had been no proper request, and that the information would not be provided.

Now, almost 2 years later, after the court has already ordered a Joint Trial Memorandum (due 2/5/04), and on the eve of trial, Plaintiff asks the court to grant a default against Defendants, based on their supposed failure to provide discovery. Plaintiff's motion should be denied.

### C. PLAINTIFF ALREADY FILED A MOTION FOR SANCTIONS PERTAINING TO DEFENDANTS' SUPPOSED FAILURE TO COMPLY WITH DISCOVERY—AND MAGISTRATE GARFINKEL DENIED SAID MOTION FOR SANCTIONS IN APRIL OF 2002:

Worse yet, Plaintiff already filed a series of Motions to Compel and for Sanctions against Defendants, including motions filed on April 23, 2001, and November 26, 2001, for their supposed failure to comply with discovery. These were all denied, most recently on April 26, 2002, by Magistrate Judge Garfinkel when he denied Plaintiff's Motion for Sanctions [see item # 56], almost two years ago. See Exhibit C, attached hereto and incorporated herein.

4

Plaintiff took no steps whatsoever to appeal Judge Garfinkel's ruling, or to renew his motion for sanctions, or to attempt to make an issue of the Forward Thinking Agreement until January 20, 2004, almost 2 years after Judge Garfinkel's ruling, and over 2 years after the expiration of the deadline for discovery, and over 2 years after Plaintiff first expressed interest in said document (cf. the discussion at the deposition on December 20, 2001).

Plaintiff has waived, through laches and inexcusable delay, any right he might have had to make the Forward Thinking document an issue in this case.


**D. DEFENDANTS BELIEVE THAT THE TRUE INTENT OF PLAINTIFF IN FILING HIS MOTION IS TO ATTEMPT TO REOPEN DISCOVERY—OVER 2 YEARS AFTER THE DEADLINE FOR DISCOVERY HAS EXPIRED;**

Plaintiff filed a Motion for Summary Judgment, which was denied in all its parts by Judges Garfinkel and Droney. See Exhibit D, attached hereto and incorporated herein. It would appear at this late date that Plaintiff realizes that his case is in jeopardy, and is essentially attempting to reopen discovery, or ask the court to grant a default in a case which Plaintiff is in jeopardy of losing at trial.

The court should not allow such tactics. For all the reasons outlined above, the Defendants ask the court to deny Plaintiff's motion.

### E. <u>DEFENDANTS ASK THE COURT TO SANCTION PLAINTIFF BY AWARDING DEFENDANTS THEIR ATTORNEY'S FEES FOR DEFENDING AGAINST PLAINTIFF'S MOTION;</u>

There was no good faith basis for Plaintiff to file his motion of January 20, 2004. This motion was clearly a desperate attempt to intimidate Defendants, or to convince the court to grant default in a case in which Plaintiff's arguments had already been categorically denied in the court's ruling on Plaintiff's Motion for Summary Judgment.

Plaintiff should not be allowed to use court proceedings to intimidate, or to waste valuable court resources. For these reasons, Defendants ask that the Court grant them their attorney's fees for defending against this motion.

### F. <u>IF THE COURT IS INCLINED TO GRANT PLAINTIFF'S MOTION, THEN DEFENDANTS ASK THE COURT TO REOPEN DISCOVERY AND ALLOW DEFENDANTS TO PURSUE ITEMS OF DISCOVERY WHICH PLAINTIFF NEVER PRODUCED.</u>

If the Court is inclined to grant Plaintiff's motion, Defendants will produce the Forward Thinking agreement which Plaintiff requests. But if the Court is inclined to order production of this agreement in this manner, Defendants request that the Court reopen discovery in a reciprocal and fair manner, and also order Plaintiff to produce the items of discovery—both answers to Interrogatories and Requests for Production—which Defendants requested in June of 2001, and which Plaintiff never produced. See

Exhibit E [Defendants' Motion to Compel Discovery from Plaintiff, filed on or about June 6, 2001], attached hereto and incorporated herein.

If discovery is to be reopened at this point, it should be reciprocal, allowing both sides to seek and obtain items which the other side never produced. Otherwise, the Court should deem discovery closed, and deny Plaintiff's motion.

## G. CONCLUSION.

Defendants ask that the court deny Plaintiff's motion, since the item in issue was never requested in discovery, and since Plaintiff is guilty of laches and inexcusable delay in waiting 2 years to file this motion with the Court. In the alternative, Defendants ask that the court reopen discovery, and allow them the opportunity to file new Motions to Compel against Plaintiff, due to his failure and refusal to produce items of discovery which Defendants requested in their discovery requests originally filed in 2000.

Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | | |
|---|---|---|
| MICHAEL GUILIANO | : | CASE NO.: 300CV02115CFD |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RECOVERY AGENCY, INC. | : | |
| ARTHUR A. KUSIC | : | |
| | : | JANUARY 30, 2004 |

## **LOCAL RULE 9 AFFIDAVIT**

I certify, pursuant to 28 U.S.C. section 1746, that the parties discussed the

dispute involved in the motion of January 20, 2004, and this objection thereto, on

numerous occasions by means of e-mails, during the weeks of January 12 and January

19, 2004, during which time Defendants' attorney referred Plaintiff's attorney to the

fact that Plaintiff never requested the Forward Thinking agreement in discovery, that

any agreement by Defendants' attorney to produce the same was made after the

discovery deadline expired, and that Plaintiff's attorney had falsely represented to

Defendants' attorney that this document had been requested in discovery, when it had

not;

Defendants' attorney further pointed out that Judge Garfinkel denied Plaintiff's

Motion for Sanctions in April of 2001, that this was almost 2 years ago, and that

Plaintiff could not properly reopen discovery disputes at this late date;

8

Defendants' attorney further pointed out that the Court has already sent out the notice requiring the Joint Trial Memorandum, that the case has been pending for over 3 years, and that Defendants want the case tried—and will not agree to Plaintiff's attempt to prolong the matter.

Despite these communications from Defendants' attorney to Plaintiff's attorney, the matters in controversy could not be resolved, and Plaintiff filed his Motion for Rule 37 Orders on or about January 20, 2004.

I certify under penalty of perjury that the foregoing is true and correct. Executed on January 30, 2004.

Eric T. Dean, Jr.
Federal Bar # ct-20622

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO                     :    CASE NO.: 300CV02115CFD
                                     :
v.                                   :
                                     :
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC                      :
                                     :    JANUARY 30, 2004

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing <u>DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION FOR RULE 37 ORDERS AND REQUEST FOR
SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL</u>
was mailed, first-class U.S. mail, on January 30, 2004, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422


                          Eric T. Dean, Jr.
                          Federal Bar # CT-20622

March 20, 2002


Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511


Re: **Pending discovery in <u>GUILIANO vs. NRA, KUSIC</u>**


Dear Attorney Faulkner:

Pursuant to your attached e-mail of 1/19/02, most of this information was already provided to you, or was never requested by you in discovery. I would like to point out that it is your obligation to review your records to see what we have already provided before you DEMAND that the SAME information be provided yet again. As an example of this, I would refer you to an exchange we had last fall (see attached e-mail of 11/9/01) when you claimed that we had given you NOTHING in response to your discovery. I pointed out that we had responded to all but 5 of your requests, and I then printed out our responses and sent them to you, for the SECOND time. We are not going to repeatedly send you the same information again and again—because you apparently have forgotten that we already sent it to you.

In response to your most recent demands, we have the following response:

(1) I am enclosing the telephone records. Since you claim that you never filed your motion asking for reconsideration of the Magistrate's Confidentiality Order, and that you have no intention of reviving such a motion—then these records are protected by the Magistrate's Confidentiality Order. If you contact any number on this list without permission of the court, we will seek to have you sanctioned and punished by the court;

(2) Response to:
(a) interrogatory #2: you went over the debtor screen in minute detail at the depositions of Harold Benson and Steven Kusic, so I believe you already have this information. However to reiterate: Harold Benson is collector #34; collector #24 is Keith Ruby (collection manager);

1

EXHIBIT A ( 3 pages )

collector #63 was Valerie Davis (enters NSF checks); SCK and 1-36 is Steven Kusic; RAC and CAT are clerical workers and not collectors; ALS in Anita Schaar; GMB is Gayle Brown.

(b) interrogatory #3: already provided to you.

(c) interrogatory #8: although this information is not addressed by your discovery please reference affidavits of Steven Kusic (already filed) and Fayth Whiteman (copy attached here), filed in response to your motion for summary judgment;

(d) interrogatory #11 [and request for production #19]: we already provided bonus policy and breakdown on bonuses actually paid. This information was provided to you on December 20, 2001, at the depositions;

(e) interrogatory #12 [and request for production #20]: we already provided bonus policy and breakdown on bonuses actually paid. This information was provided to you on December 20, 2001, at the depositions;

(3) Up to date printout of the collection record for MG: see attached. As stated to you by Steven Kusic at the deposition of December 20, 2002, the account was put on hold when it became a matter of litigation.

(4) ACA collection manual: this was never requested by you in any of your Interrogatories or Requests for Production. If you maintain that it is subject to your Interrogatories or Requests for Production, please set forth exactly which Interrogatory or Request for Production requests this material. If you meant to say the NRA collection manual, this was already provided to you last December.

(4) Retainer letter: this was never requested by you in any of your Interrogatories or Requests for Production. If you maintain that it is subject to your Interrogatories or Requests for Production, please set forth exactly which Interrogatory or Request for Production requests this material; in addition, please check the Deposition of Arthur Kusic, in which Mr. Kusic stated that there is no retainer agreement. Hence, there is no retainer letter.

(5) Letter library: to what are you referring? To which Interrogatory or Request for Production does this pertain?

(6) Agreement with Forward Thinking: this was never requested by you in any of your Interrogatories or Requests for Production. If you maintain that it is subject to your Interrogatories or Requests for Production, please set forth exactly which Interrogatory or Request for Production requests this material. The only agreements you requested in your discovery were agreements between Defendant NRA and/or Kusic and SNET; as we have

2

consistently responded: there are no such agreements between NRA and Arthur Kusic and SNET.

(7) Form of autopay sheet: this was never requested by you in any of your Interrogatories or Requests for Production. If you maintain that it is subject to your Interrogatories or Requests for Production, please set forth exactly which Interrogatory or Request for Production requests this material;

(8) Pyramid manual: there are no pages 2-10 in the manual; For page 435, see attached (it is a "filler" and states that there are no pages dealing with the autodialer;

(9) ALL collector contacts for June 23, 2000: as we explained to you in the spring of 2000 when we first responded to your discovery, this information cannot be retrieved.

(10) Harold Benson's bonus: we already provided this information to you at the depositions of December 20, 2001. In fact, you referenced this information in your Motion for Summary Judgment—indicating that you already have it.

Please withdraw your motion for sanctions. Thank you for your attention to this matter.


Sincerely,


Eric T. Dean, Jr.

3

March 26, 2002

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511

Re: **Discovery in Guiliano vs. NRA**

Dear Atty. Faulkner:

In reference to the attached, I have the following responses and queries:

(1) Interrogatory #2: identify other collectors: this was done at the depositions, and in letter of March 20, 2002;

(2) Interrogatory #11: we provided you with general bonus policy, and breakdown of Harold Benson's bonus. Mr. Benson testified at his deposition as to what his bonus was for the Guiliano case. We have answered this interrogatory, and all associated requests for production.

(3) Interrogatory #12: Mr. Benson testified that there was no tape or transcript of his discussion with Mr. Guiliano;

(4) ACA manual: your production #7 asks for manuals, etc., provided by defendant to its employees. The ACA manuals are not provided by defendant to its employees. Where did you see information that these manuals were provided to employees? You probably already have copies of the ACA manuals, don't you?

(5) Retainer agreement: read Arthur Kusic's deposition again. He stated that there is no retainer agreement.

(6) Letter library: production #7 asks for "copies of all policy or training manuals or instructions or guidelines provided by defendant to its employees . . . ". How does a letter library fall within your request? To which deposition are you referring?

EXHIBIT B (3 pages)



(7) Agreement with Forward Thinking: all of your discovery was addressed to agreements between NRA and SNET. There was no agreement or direct relationship between NRA and SNET.

(8) "Reports and payments": to what are you referring?

(9) AutoPay sheet: this is not within the scope of Production #8. In Production #8, you asked for "Copies of all policy or training manuals or instructions or guidelines provided by defendant to its employees relating to electronic withdrawals from a debtor's account". Production #8 deals with instructions to employees, not the AutoPay form itself.

(10) Pyramid manual: you asked for pages 2-10. They do not exist. You asked for pages 435, et seq. I sent you page 435, which is a filler. There is no autodial section in NRA's Pyramid manual.

(11) Bank software manuals: to which such software manuals are you referring?

(12) Production 13 "deliberately withheld"? I do not know what you are talking about. As I recall, Steven Kusic testified that NRA did not report this debt to any consumer credit reporting agency.

IN CONCLUSION:

(1) if you want a formal signed sheet that the information that you received was given to you, I can obtain that. I am assuming that we are more interested in substance than form; if your only grievance is that you have not received a formal signed sheet, we should not be going forward on your Motion for Sanctions on that basis;

(2) here's the problem with ALL of the above: THEY EITHER WERE NOT INCLUDED IN YOUR ORIGINAL DISCOVERY REQUESTS or YOU REQUESTED THEM AFTER CONDUCTING THE DEPOSITIONS based on a new theory, the EFTA claim (which has not been included in your complaint) instead of your original theory that Social Security funds cannot be the subject of withdrawal from a bank account to satisfy a debt.

You are certainly free to submit more discovery requests if a new deadline for discovery is established in this case, but it is absurd for you to shoe-horn new requests back into a pending Motion for Sanctions, which was filed over 4 months ago. The usual way to handle a case is to go through discovery, find out what is there, request it, and if the other side is withholding items, THEN file a Motion for Sanctions. You have handled this case exactly backwards.

(3) Last of all, it is obscene for you to bombard us with waves and waves of requests and demands (all of which have been answered) when you have not made even a minimal attempt to

comply with OUR discovery requests. I am attaching an e-mail I sent to your on December 21, 2001, over three months ago. PLEASE RESPOND TO THIS.

Please respond to the above queries, and please produce the discovery we requested months ago.


Sincerely,


Eric T. Dean, Jr.

56

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL GUILIANO                    :    CASE NO.: 300CV02115CFD
                                   :
v.                                 :
                                   :
NATIONAL RECOVERY AGENCY, INC. :        Nov. 26, 2001
ARTHUR A. KUSIC                    :

PLAINTIFF'S MOTION FOR SANCTIONS

On October 16, 2001, this Court ordered defendants to comply with certain

discovery requests by October 31, 2001, subject to entry of a confidentiality order. Doc. No.

25. The Confidentiality Order entered Nov. 7, 2001, and is final except for a dispute about the

scope of use of a telephone log for the date in question. To date, defendants have repeatedly

refused to provide any of the information, despite the only dispute being the telephone log.

Pursuant to Fed. R. Civ. P. 37(b)(2), and (d)(1) plaintiff moves for the entry of a

default, an order that the allegations of the complaint shall be taken to be established

against the defendants, and such other and further relief as the Court deems appropriate.

THE PLAINTIFF

ORAL ARGUMENT NOT REQUESTED

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on November 24, 2001, postage prepaid, to:

Eric Dean Jr
111 Whitney Ave
New Haven CT 06510

_____
Joanne S. Faulkner

*107*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

2003 MAY -2 'P 4:07

```
------------------------------------------x
MICHAEL GUILIANO                          :    CIVIL ACTION NO:
                                          :    3:00CV2115 (CFD)
        Plaintiff,                        :
                                          :
v.                                        :
                                          :
NATIONAL RECOVERY AGENCY, INC.            :
and ARTHUR KUSIC                          :
        Defendants.                       :
------------------------------------------x
```

### RECOMMENDED RULING ON PLAINTIFF'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

### Introduction

Currently pending is plaintiff's motion for partial summary judgment on his Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) claims against National

Recovery Agency, Inc. ("NRA") (Doc. # 65). Plaintiff alleges NRA violated the FDCPA by:

(1) withdrawing funds from his bank account without written authorization; (2) withdrawing

the funds without his consent; (3) sending a debt collection letter (i.e. dunning letter) that

violated the FDCPA as a matter of law; and lastly (4) not providing him advance notice that

his account was going to be electronically debited. (Pl. Mem. in Supp. of Mot. for Summ. J.

¶¶. 1-2).

### Standard of Review

A court may grant summary judgment only if it determines that there is no genuine

issue of material fact based on a review of the pleadings, depositions, answers to

interrogatories, admissions on file and affidavits. Fed. R. Civ. P. 56(c). The moving party

-1-

EXHIBIT D

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO                          :   CASE NO.: 300CV02115CFD
                                          :
v.                                        :
                                          :
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC                           :
                                          :        JUNE 6, 2001


<u>DEFENDANTS' MOTION TO COMPEL DISCOVERY
FROM PLAINTIFF</u>

Pursuant to Fed. R.Civ.P. 37(a), 33(b), and 6(b)(2), Defendants move to compel

Plaintiff to respond to discovery requests served on April 8, 2001, to Plaintiff's counsel.

1. <u>Defendants' Interrogatories</u>:

(a) Incomplete responses: Plaintiff provided an incomplete responses to

Defendants' Interrogatories #2;

(b) Plaintiff refused to provide answers to Defendants' Interrogatories #1, 6, 7,

8, 9, 11, 13, 14, 15, 16, and 17, and interposed the same boilerplate objection to each

interrogatory.

(c) Plaintiff answered two of Defendants' eighteen Interrogatories, numbers 2

and 18.


**<u>ORAL ARGUMENT REQUESTED
NO TESTIMONY REQUIRED</u>**

1

EXHIBIT E (5 pages)

2. <u>Defendants' Requests for Admissions</u>:

(a) Plaintiff refused to admit or deny Defendants' Requests #10, 11, 12, 13, 14, 15, and 16, and interposed the same boilerplate objection to each request.

3. <u>Defendants' Request for Production</u>:

(a) Plaintiff refused to provide the requested documents in response to Defendants' Request for Production #1, 4, 5, or 6, and interposed the same boilerplate objection to each interrogatory.

(b) Plaintiff responded to one request for production (#3) out of seven submitted, to state that there were no such records.

4. In addition, Plaintiff's attorney has failed to sign the objections interposed to Defendants' Requests for Admissions and First Request for Production, as is required.

5. Defendants have submitted a memorandum of law in support of this motion.


Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # CT-20622
ATTORNEY FOR DEFENDANTS

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO    :  CASE NO.: 300CV02115CFD
             :
v.            :
             :
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC      :
             :  JUNE 6, 2001

## **LOCAL RULE 9 AFFIDAVIT**

I certify, pursuant to 28 U.S.C. section 1746, that the parties discussed their discovery disputes on numerous occasions by means of telephone or e-mail, and were unable to resolve disputes relating to this discovery.

Defendants submitted their discovery on April 6, 2001, and Plaintiff responded on or about May 4, 2001. On May 6, 2001, Defendants' attorney e-mailed Plaintiff's attorney to state why the requests and interrogatories which Plaintiff refused to answer were relevant, and demanded responses. Plaintiff has refused to supplement his responses to any interrogatories or requests [Plaintiff's counsel said she would supplement one answer, which is not relevant to this Motion to Compel; however, even in that case, no supplementation has been forthcoming]. On Wednesday, May 9, 2001, the parties again e-mailed each other, and additionally discussed the matter on the telephone. Defendants' attorney expressed the willingness to accept answers limited in

3

time scope, but Plaintiff's attorney did not change her position. Defendants' attorney has stated that he would file a Motion to Compel, and has waited several weeks to allow Plaintiff's attorney to comply with his requests. However, there has been no compliance.

Hence, Defendants were forced to file their Motion to Compel.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 6, 2001.

_____
Eric T. Dean, Jr.
Federal Bar # CT-20622

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO             :  CASE NO.: 300CV02115CFD
:
v.                           :
:
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC          :
:  JUNE 6, 2001

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF was mailed, first class postage affixed, on June 6, 2001, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

Eric T. Dean, Jr.
Federal Bar # CT-20622

5