FILED

2004 FEB -2 P 2:59

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO : CASE NO.: 300CV02115CFD
:
v. :
:
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC :
: JANUARY 30, 2004

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RULE 37 ORDERS AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

Defendants file the following Memorandum of Law in support of their Objection to Plaintiff's Motion for Rule 37 Orders:

**A. THE ITEM REQUESTED BY PLAINTIFF WAS NEVER REQUESTED IN DISCOVERY; HENCE, PLAINTIFF CANNOT FILE A MOTION FOR RULE 37 SANCTIONS BASED ON SUPPOSED NONCOMPLIANCE.**

1. Plaintiff never requested the Forward Thinking Agreement in his discovery.

The item of potential evidence in which Plaintiff now expresses interest is the "Forward Thinking Agreement," an agreement between Defendant NRA and a third-party entity know as "Forward Thinking". This Forward Thinking agreement was never requested in Plaintiff's discovery. In his discovery requests, Plaintiff asked for agreements between Defendant NRA and/or Kusic and SNET; Plaintiff did not ask for

1

agreements between Defendant NRA and any third-party such as Forward Thinking. Plaintiff has failed to attached any discovery request made prior to the expiration of the discovery deadline on December 18, 2001, in which he requested documents, into which the Forward Thinking agreement would fall.

Hence, Plaintiff at this time cannot file a Motion to Compel for the supposed failure of Defendants to comply with a discovery request.

### B. THE DEADLINE FOR DISCOVERY EXPIRED OVER TWO YEARS AGO; PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS IS UNTIMELY, WOULD CAUSE PREJUDICE TO DEFENDANTS, IS FUNDAMENTALLY UNFAIR, AND SHOULD BE DENIED.

1. *The deadline for discovery expired over 2 years ago.*

The discovery deadline in this case was August 20, 2001. Discovery was extended by 120 days to December 18, 2001. Hence, the deadline for discovery in this case expired on December 18, 2001, over 2 years ago.

What Plaintiff essentially wants to do is reopen discovery, 2 years after the deadline for discovery expired. Case law is clear that the Court should not allow this, particularly where Defendants would be prejudiced—unless the court is willing to reciprocally reopen discovery for all parties in this case. See Jarvis v. Wal-Mart Stores, Inc., 161 F.R.D. 337, 338-339 (N.D. Miss. 1995) [motion at pretrial conference after discovery deadline would likely prejudice opponent], Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999) [magistrate judge ruled that motion to compel filed 136 days after defendants' initial responses, and after close of discovery was untimely];

2

American Motorists Ins. Co. v. Gen. Host Corp., 162 F.R.D. 646, 647-648 (D. Kan. 1995) [motion two years after discovery deadline would certainly prejudice opponent].

Defendants' attorney made it clear to Plaintiff's attorney on March 20, 2002, that the Forward Thinking agreement would not be produced, since it had never been requested in discovery. Plaintiff should not be allowed to wait 22 months, and after his Motion for Sanctions was denied in April of 2002, to file a SECOND Motion for Sanctions. See Defendants' attorney's letter of March 20, 2002:

> Pursuant to your attached e-mail of 1/19/02, most of this information was already provided to you, or was never requested by you in discovery. . . . .
> (6) Agreement with Forward Thinking: this was never requested by you in any of your Interrogatories or Requests for Production. If you maintain that it is subject to your Interrogatories or Requests for Production, please set forth exactly which Interrogatory or Request for Production requests this material. The only agreements you requested in your discovery were agreements between Defendant NRA and/or Kusic and SNET; as we have consistently responded: there are no such agreements between NRA and Arthur Kusic and SNET. [see Exhibits A & B, attached to Defendants' Objection]

### C. <u>PLAINTIFF ALREADY FILED A MOTION FOR SANCTIONS PERTAINING TO DEFENDANTS' SUPPOSED FAILURE TO COMPLY WITH DISCOVERY—AND MAGISTRATE GARFINKEL DENIED SAID MOTION FOR SANCTIONS IN APRIL OF 2002</u>:

Worst of all, Plaintiff already filed a series of Motions to Compel and for Sanctions against Defendants, including motions filed on April 23, 2001, and November 26, 2001, for their supposed failure to comply with discovery. These were all denied, most recently on April 26, 2002, by Magistrate Judge Garfinkel when he denied

Plaintiff's Motion for Sanctions (see item # 56], almost two years ago. See Exhibit C, attached to Defendants' objection.

Plaintiff took no steps whatsoever to appeal Judge Garfinkel's ruling, or to renew his motion for sanctions, or to attempt to make an issue of the Forward Thinking Agreement until January 20, 2004, almost 2 years after Judge Garfinkel's ruling, and over 2 years after the expiration of the deadline for discovery, and over 2 years after Plaintiff first expressed interest in said document (cf. the discussion at the deposition on December 20, 2001).

Defendants maintain that Plaintiff has waived, through laches, any right it might have had to make the Forward Thinking document an issue in this case.

### D. IF THE COURT IS INCLINED TO GRANT PLAINTIFF'S MOTION, THEN DEFENDANTS ASK THE COURT TO REOPEN DISCOVERY AND ALLOW DEFENDANTS TO PURSUE ITEMS OF DISCOVERY WHICH PLAINTIFF NEVER PRODUCED.

If the Court is inclined to grant Plaintiff's motion, and order Defendants to produce the Forward Thinking agreement which Plaintiff requests, in all fairness the Court should reopen discovery and allow Defendants to file motions to compel Plaintiff to produce answers to interrogatories and requests for production which Plaintiff never provided.

### E. CONCLUSION.

This case has been pending for over 3 years. Defendants want the case tried. The Court has ordered a Joint Trial Memorandum, and the case will soon have a trial date.

Defendants maintain that it is too late for Plaintiff to reopen discovery, and ask the Court to deny Plaintiff's motion, and move this case expeditiously to trial. If the Court is inclined to grant Plaintiff's motion, Defendants ask that they be able to produce the Forward Thinking agreement and in return be able to pursue a Motion to Compel against Plaintiff for the discovery items which Plaintiff never produced. In other words, if the Court is inclined to grant Plaintiff's motion, Defendants ask that discovery be reopened for all parties—or otherwise, that Plaintiff's moton be denied, so that this case can move forward to trial.

_____
Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| | : |
| v. | : |
| | : |
| NATIONAL RECOVERY AGENCY, INC. | : |
| ARTHUR A. KUSIC | : |
| | : JANUARY 30, 2004 |

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RULE 37 ORDERS AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL</u> was mailed, first-class U.S. mail, on January 30, 2004, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

_____
Eric T. Dean, Jr.
Federal Bar # CT-20622