UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| v. | : |
| NATIONAL RECOVERY AGENCY, INC. | : |
| ARTHUR A. KUSIC | : |
| | : FEBRUARY 10, 2004 |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE #4
[ARGUMENT OR EVIDENCE CONCERNING ALLEGED SEIZURE OF
SOCIAL SECURITY FUNDS FROM PLAINTIFF'S BANK ACCOUNT]

Defendants file the following Memorandum of Law in support of their Motion in Limine #4:

**A. PLAINTIFF CLAIMS THAT DEFENDANTS SEIZED FUNDS FROM PLAINTIFF'S BANK ACCOUNT, BUT THE STATUTE IN ISSUE, 42 USC SECTION 407, IS NOT APPLICABLE TO SUCH FACTS**

1. Plaintiff claims that Defendant seized funds from his bank account without his consent, and in support of this proposition, cites 42 USC, Section 407.

2. 42 USC Section 407, provides that a creditor cannot seize funds by legal process, or receive an entire assignment of a Social Security recipient's benefits.

3. Case law is clear that a recipient of Social Security benefits can use these funds to pay his debts. See Tookes v. NYC Parking Violations Bureau, 663 NYS 2d 28 (App. Div. 1997) [A payment plan which debtor agreed to in order to get his seized car back was voluntary and permissible, even though debtor's only source of income was the disability benefits]; Moore v. Colautti (1979, ED Pa), 483 F.Supp. 357, affd w/o op (1980, CA 3 Pa), 633 F.2d 210,

149

and affd w/o op (1980, CA 3 Pa), 633 F.2d 211 [agreement to repay public assistance is not an asignment or transfer of SSI benefits]; <u>In re Gillespie</u> (1984, BC CD Colo), 41 BR 810 [statute will be triggered only by seizure through legal process]; <u>Matavich v. Budak</u>, 447 NE 2d 1311 (Ohio App., 1962) [one waives this exemption by not asserting it at the proper time].

    4. The Statute as pleaded by Plaintiff, 42 USC Section 407, is not applicable to the facts pleaded by Plaintiff.

    5. The only theory of law which would support the general allegation that Defendants "seized" Social Security funds from Plaintiff's bank account would be a theory of theft or conversion, which Plaintiff has failed to plead.

    6. Plaintiff has failed to allege such a theory of law in any of his three complaints, and should be barred from raising that argument now.

## B. **CONCLUSION.**

Plaintiff's citation of 42 USC section 407 is inappropriate and unsupported by the facts alleged by Plaintiff. Moreover, Plaintiff has failed in any of his three complaints to allege a theory of theft or conversion.

Hence the Court should bar Plaintiff from alleging, or arguing at trial that Defendants "seized" funds from Plaintiff's bank account, particularly under the authority of 42 USC Section 407, which is completely inapplicable to the facts pleaded by Plaintiff in this case.

                                                              _____
                                                              Eric T. Dean, Jr.
                                                              Marcus Law Firm
                                                              111 Whitney Ave.
                                                              New Haven, CT 06510
                                                              Federal Bar # ct-20622
                                                              ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| | : |
| v. | : |
| | : |
| NATIONAL RECOVERY AGENCY, INC. | : |
| ARTHUR A. KUSIC | : |
| | : FEBRUARY 10, 2004 |

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #4 [ARGUMENT OR EVIDENCE CONCERNING ALLEGED SEIZURE OF SOCIAL SECURITY FUNDS FROM PLAINTIFF'S BANK ACCOUNT] was mailed, first-class U.S. mail, on February 10, 2004, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

_____
Eric T. Dean, Jr.
Federal Bar # CT-20622