UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| v. | : |
| NATIONAL RECOVERY AGENCY, INC. | : |
| ARTHUR A. KUSIC | : |
| | : FEBRUARY 10, 2004 |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE #3
[MATTERS NEVER PLEADED IN THIS CASE]

Defendants file the following Memorandum of Law in support of their Motion in Limine #3:

**A. PLAINTIFF NEVER ALLEGED A VIOLATION OF THE EFTA (ELECTRONIC FUNDS TRANSFER ACT), IN ANY OF HIS THREE COMPLAINTS, AND CANNOT RAISE THAT CLAIM AT THIS TIME.**

1. Plaintiff filed three complaints in this case, the 2nd and 3rd of which were filed in response to an order from the Honorable Christopher F. Droney, that Plaintiff file a More Definite Statement.

2. None of these three complaints alleged a violation of the EFTA (Electronic Funds Transfer Act, 15 USC Section 1693.

3. The Plaintiff has demonstrated that he will attempt to introduce evidence and argument, alleging violations of the EFTA, by claiming in his portion of the Joint Trial Memorandum that Defendants violated the EFTA, that the Court found such a violation as a matter of law, and that Jury Instructions should be presented to the Jury pertaining to the EFTA.

140

4. Since Plaintiff never pleaded any such violation of law, he cannot raise this alleged violation of law at this late date.

### B. PLAINTIFF NEVER ALLEGED A VIOLATION OF 15 USC SECTION 1692c(b), IN ANY OF HIS THREE COMPLAINTS, AND CANNOT RAISE THAT CLAIM AT THIS TIME.

1. Plaintiff filed three complaints in this case, the 2nd and 3rd of which were filed in response to an order from the Honorable Christopher F. Droney, that Plaintiff file a More Definite Statement.

2. None of these three complaints alleged a violation of 15 USC Section 1692c(b) [prohibition between a "debt collector" and a third-person, concerning the debt in collection].

3. The Plaintiff has demonstrated that he will attempt to introduce evidence and argument, alleging violations of this statute, by claiming in his portion of the Joint Trial Memorandum that Defendants violated this statute by accepting a telephone call from Plaintiff's girlfriend's mother, Hazel Patterson concerning the debt in collection.

4. Since Plaintiff never pleaded any such violation of law in any of his complaints, he cannot raise this alleged violation of law FOR THE FIRST TIME at this late date.

5. The FDCPA is controlled by a 1-year statute of limitations (see 15 USC 1692k(d), and Plaintiff cannot add new counts to his complaint over 3 years after his case was first filed.

6. Plaintiff has claimed that Defendants admitted that they had unauthorized contact with Hazel Patterson, but this is not true. Defendants have consistently pleaded (see paragraph 7 of their Amended Answer), that Hazel Patterson never contacted them directly, and they never had unauthorized contact with her. There has been no admissions of the type claimed by Plaintiff—and Plaintiff should be prevented from making such allegations at trial.

### C. PLAINTIFF NEVER ALLEGED THAT DEFENDANT NRA LACKED AUTHORITY TO COLLECT THE SNET DEBT FROM PLAINTIFF, IN ANY OF HIS THREE COMPLAINTS, AND CANNOT RAISE THAT CLAIM AT THIS TIME.

1. Plaintiff filed three complaints in this case, the 2nd and 3rd of which were filed in response to an order from the Honorable Christopher F. Droney, that Plaintiff file a More Definite Statement.

2. None of these three complaints contained a claim that Defendant NRA had no authority to collect the SNET debt which Plaintiff owed. alleged a violation of 15 USC Section 1692c(b) [prohibition between a "debt collector" and a third-person, concerning the debt in collection].

3. In the Joint Trial Memorandum, the Plaintiff has demonstrated that he will attempt to introduce evidence and argument, alleging a new claim, to the effect that Defendant NRA had no authority to collect Plaintiff's SNET debt, and that this constituted a violation of the FDCPA

4. Since Plaintiff never pleaded any such violation of law in any of his complaints, he cannot raise this alleged violation of law FOR THE FIRST TIME at this late date.

5. The FDCPA is controlled by a 1-year statute of limitations (15 USC Section 1692k(d), and Plaintiff cannot add new counts to his complaint over 3 years after his case was first filed.

### D. PLAINTIFF NEVER ALLEGED THAT DEFENDANTS COMMITTED THEFT OR CONVERSION OF DEFENDANT'S MONEY.

1. Plaintiff alleged that Defendants "seized" money from Plaintiff's bank account, but has never alleged theft or conversion. Defendants maintain that 42 USC Section 407 (re assignment or seizure through legal process) is inapplicable to the facts in this case, and that

Plaintiff's only claim to an illegal taking would have to center on theft or conversion, which were never pleaded by Plaintiff.

2. Theft or conversion would be inappropriate in that Plaintiff never alleged that Defendants took Plaintiff's money with an intent to deprive him of its use; rather, any funds taken from Plaintiff's bank account were clearly credited to Plaintiff's SNET debt.

### E. PLAINTIFF NEVER ALLEGED THAT DEFENDANTS REQUEST FOR AN ELECTRONIC WITHDRAWAL IN SEPTEMBER OF 2000 RESULTED IN DEFENDANTS RECEIVING ANY MONEY; PLAINTIFFS HAVE NEVER ALLEGED THAT THE UNFULFILLED REQUEST FOR AN ELECTRONIC WITHDRAWAL CONSTITUTES ANY VIOLATION OF LAW.

1. The last request for an electronic withdrawal from Plaintiff's bank account in September of 2000, resulted in an NSF transaction, i.e. no funds were removed from Plaintiff's bank account, since the account contained less than $50.

2. Plaintiff has never alleged that this unfulfilled request for an electronic withdrawal from Plaintiff's bank account amounted to any violation of law.

3. Plaintiff cannot now claim any such violation of law, having failed to date to plead any such claim.

### F. CONCLUSION.

Plaintiff failed to plead any of the above alleged violations of the FDCPA in any of his 3 complaints filed in this case over the past three years; in addition, Plaintiff failed to plead these claims within the mandatory 1-year statute of limitations for FDCPA claims. For this reasons, Defendants' Motion in Limine #3 should be granted, to bar Plaintiff from attempting at this time to plead, raise, and allege any of the supposed claims outlined above.

                                                        _____
                                                        Eric T. Dean, Jr.
                                                        Marcus Law Firm
                                                        111 Whitney Ave.
                                                        New Haven, CT 06510
                                                        Federal Bar # ct-20622
                                                        ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| v. | : |
| NATIONAL RECOVERY AGENCY, INC. ARTHUR A. KUSIC | : |
| | : FEBRUARY 10, 2004 |

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #3 [MATTERS NEVER PLEADED IN THIS CASE]</u> was mailed, first-class U.S. mail, on February 10, 2004, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422


_____
Eric T. Dean, Jr.
Federal Bar # CT-20622