UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO : CASE NO.: 300CV02115CFD
:
v. :
:
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC :
: FEBRUARY 10, 2004

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE #2
[ARGUMENT THAT NRA's PHONE CALL OF JUNE 23, 2000,
CONSTITUTED AN INITIAL CONTACT AND VIOLATED
15 USC SECTION 1692g. VALIDATION OF DEBTS]

Defendants file the following Memorandum of Law in support of their Motion in Limine #2:

**A. IN HIS MOTION FOR SUMMARY JUDGMENT, PLAINTIFF STATED THAT THE FIRST CONTACT BETWEEN DEFENDANT NRA AND PLAINTIFF WAS THE LETTER OF MAY 31, 2000; PLAINTIFF IS BOUND BY THIS ADMISSION, AND CANNOT NOW CLAIM THAT THE FIRST CONTACT BETWEEN DEFENDANT NRA AND PLAINTIFF OCCURRED IN THE PHONE CALL OF JUNE 23, 2000.**

1. In his Motion for Summary Judgment [see Plaintiff's Local Rule 9(c)1 Statement, filed on or about February 14, 2002; items as to which Plaintiff claimed there were no material facts in issue, Item #9, "On or about May 31, 2000, NRA sent a computer generated letter int eh form of Deposition Ex. 1 or 7 to plaintiff"], the Plaintiff admitted that the first letter and contact from Defendant NRA to Plaintiff was a letter of May 31, 2000, sent by Defendant NRA to Plaintiff. Plaintiff argued that this letter of May 31, 2000, violated the requirements of 15 USC Section 1692g. Validation of Debts. The Court considered and rejected Plaintiff's claim and denied Summary Judgment.

This constitues a judicial admission, in that Plaintiff, in its Motion for Summary Judgment, claimed that NRA sent the letter of May 31, 2000, to Plaintiff as an initial dunning letter; and Defendant NRA admitted that it sent this initial letter of May 31, 2000. See Ruda v. McKinstry, 162 Conn. 268, 271, 294 A.2d 318 (1972); Titcomb v. Richter, 89 Conn. 226, 229, 93 A. 526 (1915).

2. Now Plaintiff has presented assertions and Jury Instructions in his portion of the Joint Trial Memorandum, arguing that the initial contact by Defendant NRA with Plaintiff occurred in its follow-up telephone call of June 23, 2000, and that this phone call supposedly violated 15 USC Section 1692g, regarding initial validation letters.

3. Plaintiff has already admitted that the first contact occurred on May 31, 2000, and the Court ruled that this initial contact letter did not violate 15 USC Section 1692g.

4. Plaintiff cannot now claim that the initial contact occurred on June 23, 2000. Plaintiff is bound by his earlier pleading as an admission.

B. **CONCLUSION**.

Plaintiff is bound by his earlier pleadings and admission that Defendant NRA sent an initial letter to Plaintiff on May 31, 2000. Plaintiff cannot now claim that the initial contact between Defendant NRA and Plaintiff occurred on June 23, 2000, in a telephone call.

Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | | |
|---|---|---|
| MICHAEL GUILIANO | : | CASE NO.: 300CV02115CFD |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RECOVERY AGENCY, INC. | : | |
| ARTHUR A. KUSIC | : | |
| | : | FEBRUARY 10, 2004 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #2 [ARGUMENT THAT NRA's PHONE CALL OF JUNE 23, 2000, CONSTITUTED AN INITIAL CONTACT AND VIOLATED 15 USC SECTION 1692g. VALIDATION OF DEBTS]</u>, was mailed, first-class U.S. mail, on February 10, 2004, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422


_____
Eric T. Dean, Jr.
Federal Bar # CT-20622