UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO            :  CASE NO.: 300CV02115CFD
                            :
v.                          :
                            :
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC             :
                            :  FEBRUARY 10, 2004

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE #1
[MATTERS ALREADY DISPOSED OF ON
DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT]

Defendants file the following Memorandum of Law in support of their Motion in Limine #1:

**A. PLAINTIFF NEVER ALLEGED A VIOLATION OF THE EFTA (ELECTRONIC FUNDS TRANSFER ACT), IN ANY OF HIS THREE COMPLAINTS, AND CANNOT RAISE THAT CLAIM AT THIS TIME.**

1. Plaintiff filed three complaints in this case, the 2nd and 3rd of which were filed in response to an order from the Honorable Christopher F. Droney, that Plaintiff file a More Definite Statement.

2. None of these three complaints alleged a violation of the EFTA (Electronic Funds Transfer Act, 15 USC Section 1693.

3. The Plaintiff has demonstrated that he will attempt to introduce evidence and argument, alleging violations of the EFTA, by claiming in his portion of the Joint Trial Memorandum that Defendants violated the EFTA, that the Court found such a violation as a

121

matter of law, and that Jury Instructions should be presented to the Jury pertaining to the EFTA.

4. Since Plaintiff never pleaded any such violation of law, he cannot raise this alleged violation of law at this late date.

### B. THE COURT SPECIFICALLY FOUND IN ITS DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THAT PLAINTIFF HAD NOT PLEADED ANY VIOLATION OF THE EFTA, AND THAT THE 1-YEAR STATUTE OF LIMITATIONS HAD RUN ON ALLEGING ANY SUCH VIOLATION.

1. Moreover, in his Motion for Summary Judgment, the Plaintiff presented a claim that the Defendants had violated the EFTA, and that Summary Judgment should be granted on that basis.

2. In denying Plaintiff's Motion for Summary Judgment, Judge Garfinkel (see document #107), specifically found that:

> Lastly, plaintiff argues NRA violated the FDCPA because it violated the EFTA. Plaintiff's argument appears to be that any violation of the EFTA constitutes a separate violation of the FDCPA. Notably, plaintiff has not brought a separate claim under EFTA and has not sought to amend his complaint. Also, plaintiff's right to raise an independent EFTA claim is problematic at this time because he references the EFTA for the first time in this motion and clearly beyond the one year statute of limitations for EFTA claims. 15 USC [section] 1693m(g) .... The plaintiff urges this Court to conclude that the FDCPA provides a remedy to a plaintiff for actions by a debt collector that violate any law. ... the Court finds that the plaintiff has not met his burden to establish an entitlement to summary judgment on his FDCPA claim arising out of a violation of the EFTA. [pp. 16-17]

3. Judge Droney adopted the Recommended Ruling of Judge Garfinkel de novo; See Document #107.

4. Since Plaintiff never pleaded a violation of the EFTA, and the 1-year statute of limitations for pleading such a violation expired long ago, Plaintiff is barred from attempting to

introduce evidence, argument, or jury instructions at trial, to the effect that the Defendants violated the EFTA.

   5. The court's earlier decision should be given res judicata or collateral estoppel effect, barring relitigation of issues determined on the law. See <u>Springer v. Seaman</u>, D.Me, 658 F.Supp. 1502; <u>Houston v. Trans Union Credit Information Co., 1 Dept.</u>, 546 NYS 2d 600, 154 A.D. 2d 312; <u>Hebert v. Ventetuolo</u>, 480 A.2d 403 [R.I.]; <u>Consumers Oil C. v. Spiking</u>, App. 717 S.W. 2d 245 (Mo.)

   6. The court's earlier decision in this case on Summary Judgment (rendered by Judges Garfinkel and Droney) constitutes the law of the case, which is binding as to issues of law decided. See 46 Am.Jur. 2d, Judgments, Section 520. Law of the case; <u>United States v. United States Smelting Refining & Mindin Co.</u>, 339 U.S. 186, 94 L.Ed. 750, 70 S.Ct. 537, reh den 339 U.S. 972, 94 L.Ed. 1379, 70 S.Ct. 994;

**C. <u>THE COURT SPECIFICALLY FOUND IN ITS DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THAT 15 USC SECTION 1692(f)(2) DOES NOT APPLY TO AN ALLEGED VIOLATION OF A DEFENDANT FAILING TO SEND REMINDER NOTICES BEFORE REQUESTING A WITHDRAWAL OF FUNDS FROM PLAINTIFF'S BANK ACCOUNT.</u>**

   1. In his Motion for Summary Judgment, the Plaintiff presented a claim that the Defendants had violated the 15 USC Section 1692(f)(2), by failing to send Plaintiff a reminder notice, before requesting withdrawal of funds from Plaintiff's bank account, pursuant to an earlier payment plan wherein Plaintiff agreed to have funds withdrawn from his bank account to pay a debt Defendant NRA was collecting. Plaintiff asked for summary judgment on this specific ground.

   2. In denying Plaintiff's Motion for Summary Judgment, Judge Garfinkel (see document #107), specifically found that:

... plaintiff's reliance upon 15 U.S.C. [section] 1692(f)(2) as establishing a per se violation of the FDCPA's notice requirement in this case is inappropriate because that section pertains to postdated instruments. . . . Here, the facts concern some scheduled electronic withdrawals and not a postdated instrument provided by Mr. Guiliano to NRA. Therefore, the Court finds that, based upon this record and the proffered legal authority, the plaintiff is not entitled to summary judgment on his FDCPA claims premised upon failure to provide advance notice and failure to cease scheduled electronic payments upon a verbal notification from SNET. [see page 7]

3. Judge Droney adopted the Recommended Ruling of Judge Garfinkel de novo; See Document #107.

4. Plaintiff has generally presented jury instructions pertaining to a supposed violation by Defendants of 15 USC Section 1692f ("unfair" practices) and the Connecticut Unfair Trade Practices Act (CUTPA, 42 CGSA 110(b)).

5. Defendants request this order in limine to prevent Plaintiff from attempting to reargue the issues pertaining to 15 USC section 1692(f)(2), which have already been decided by the Court.

6. The Court, through the decisions of Judges Garfinkel and Droney, specifically found that 15 USC Section 1692(f)(2) was not violated by Defendants pertaining to allegations that they failed to send reminder notices to Plaintiff before requesting scheduled withdrawals from his bank account. These decisions constitute the law of the case, and should be given res judicata effect, or otherwise collaterally estop Plaintiff's attempt to reintroduce these issues into the case.

7. Since Plaintiff failed to demonstrate that the failure to send a reminder notice did not violate 15 USC Section 1692f(2), Plaintiff should not be allowed to circumvent this ruling by

subterfuge by claiming that Defendant NRA's failure to send a reminder notice violated 15 USC Section 1692f in general.

### D. THE COURT SPECIFICALLY FOUND IN ITS DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THAT DEFENDANTS' INITIAL LETTER TO PLAINTIFF DID NOT VIOLATE 15 USC SECTION 1692f. VALIDATION OF DEBTS.

1. In his Motion for Summary Judgment, the Plaintiff presented a claim that the Defendants' initial letter to Plaintiff of May 31, 2000, had violated 15 USC Section 1692g, Validation of Debts, regarding the FDCPA's requirements for said validation letters. Plaintiff's claim was that the letter, on its face contained "overshadowing" and other violations of the FDCPA's requirements. Plaintiff asked for summary judgment on this specific ground.

2. In denying Plaintiff's Motion for Summary Judgment, Judge Garfinkel (see document #107), specifically found that this initial letter fo May 31, 2000, did NOT violate 15 USC Section 1692g, stating in part:

> The Court rejects plaintiff's claim that, as a matter of law, NRA's dunning letter contained language that "overshadowed or contradicted" the accurate information in the paragraph setting for the statutory rights to request validation of the debt within thirty days. (page 12)

3. Judge Droney adopted the Recommended Ruling of Judge Garfinkel de novo; See Document #107.

4. Plaintiff has generally presented jury instructions pertaining to a supposed violation by Defendants of 15 USC Section 1692g, indicating that he intends to attempt to raise this issue against at trial.

5. Defendants request this order in limine to prevent Plaintiff from attempting to reargue the issues pertaining to the legality of Defendants' initial letter of May 31, 2000, regarding 15 USC section 1692g, since this issue has already been decided by the Court.

6. The Court, through the decisions of Judges Garfinkel and Droney, specifically found that 15 USC Section 1692g was not violated by Defendants' initial letter of May 31, 2000. This decision constitutes the law of the case, and should be given res judicata effect, and collaterally estop Plaintiff from attempting to argue these issues all over again.

### E. THE COURT SPECIFICALLY FOUND IN ITS DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THAT NRA's ALLEGED FAILURE TO SECURE WRITTEN AUTHORIZATION FROM PLAINTIFF FOR WITHDRAWALS FROM HIS BANK ACCOUNT DID NOT VIOLATE THE FDCPA, specifically 15 USCS Sections 1692f(1), 15 USCS Section 1692f(6), and 15 USCS Section 1692e(5)]

1. In his Motion for Summary Judgment, the Plaintiff presented a claim that the Defendant NRA's alleged failure to secure written authorization from Plaintiff for withdrawals from his bank account to pay the SNET debt violated the FDCPA, specifically 15 USCS Sections 1692f(1), 15 USCS Section 1692f(6), and 15 USCS Section 1692e(5). Plaintiff asked for summary judgment on this specific ground.

2. In denying Plaintiff's Motion for Summary Judgment, Judge Garfinkel (see document #107), denied Summary Judgment and found that even if Plaintiff had neglected to send notices, this did not violate the statutes in issue (see pages 14-16).

3. Judge Droney adopted the Recommended Ruling of Judge Garfinkel de novo; See Document #107.

4. Plaintiff has generally presented jury instructions which indicate that it intends to argue that Defendants violated 15 USC Sections 1692e and 1692f.

5. Defendants request this order in limine to prevent Plaintiff from attempting to reargue the issues pertaining to 15 USCS Sections 1692f(1), 15 USCS Section 1692f(6), and 15 USCS Section 1692e(5), which have already been decided by the Court.

6. The Court, through the decisions of Judges Garfinkel and Droney, specifically found 15 USCS Sections 1692f(1), 15 USCS Section 1692f(6), and 15 USCS Section 1692e(5) were not violated by the supposed failure of NRA to obtain written authorization from Plaintiff for the scheduled electronic withdrawals. This decision constitutes the law of the case, and should be given res judicata effect, and collaterally estop Plaintiff from attempting to argue these issues all over again.

7. Since Plaintiff failed to demonstrate that Defendant NRA violated 15 USC Sections 1692e(5), -f(1), or –f(6), by failing to obtain written authorization from Plainitff for the scheduled electronic withdrawals, Plaintiff should not be allowed to circumvent this ruling by subterfuge by claiming that Defendant NRA's failure obtain written authorization from Plaintiff for the scheduled electronic withdrawals vioalted 15 USC Sections 1692e or 1692f, in general.

### F. CONCLUSION.

Many issues were resolved on the merits by the Court in its denial of Plaintiff's Motion for Summary Judgment. These rulings by the Court are the law of the case, and Plaintiff should be barred from attempting to argue once again that which has been conclusively decided against Plaintiff.

_____
Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| | : |
| v. | : |
| | : |
| NATIONAL RECOVERY AGENCY, INC. | : |
| ARTHUR A. KUSIC | : |
| | : FEBRUARY 10, 2004 |

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #1 [MATTERS DEFINITIVELY DISPOSED OF ON DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT]</u> was mailed, first-class U.S. mail, on February 10, 2004, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

_____
Eric T. Dean, Jr.
Federal Bar # CT-20622

129