UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL GUILIANO | : | CASE NO.: 300CV02115CFD |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RECOVERY AGENCY, INC. | : | February 17, 2004 |
| ARTHUR A. KUSIC | : | |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE No. 1

Plaintiff opposes defendants' Motion in Limine No. 1 (Doc. No. 135), which seeks to

exclude from evidence "matters which the Court has already decided against Plaintiff in the

denial of Plaintiff's Motion for Summary Judgment." Contrary to defendants' motion, the only

matters decided by the Court on Summary Judgment were decided in favor of plaintiff. All

other issues were left to further factual and legal development.

Pursuant to Fed. R. Civ. P. 56, summary judgment may be granted only if, viewing the

evidence, facts, and inferences in the light most favorable to the nonmoving party (here, the

defendants), there are no genuine issues of material fact for trial and the moving party is

entitled to judgment as a matter of law. Piesco v. City of New York, 933 F.2d 1149, 1154 (2d

Cir. 1991). Except as provided in Rule 56(d), denial of summary judgment is not a disposition

on the merits; disputed issues are to be resolved at trial. Akerman v. Oryx Communications,

Inc., 810 F.2d 336, 339 (2d Cir. 1987). Denial of summary judgment has no res judicata or

preclusive effect. Acha v. Beame, 570 F.2d 57, 63 (2d Cir. 1978).

Pursuant to Rule 56(d), however, the court must "ascertain what material facts exist

without substantial controversy." "Upon the trial of the action the facts so specified shall be

deemed established, and the trial shall be conducted accordingly." Facts determined under

Rule 56(d) are thus established for purposes of trial. <u>Gore v. Northwest Airlines, Inc.</u>, 373

F.2d 717, 727 (2d Cir. 1967).

[Defendants' contention that the Recommended Ruling should have res judicata or

collateral estoppel effect relies on inapplicable cases. Def. Mem. at 123. Paragraph 5 on that

page recites cases where an issue has been tried to judgment in other litigation, not applicable

in the interlocutory summary judgment context. Contrary to defendants' position, the law of

the case is not applicable as to questions remaining open. <u>United States v. United States</u>

<u>Smelting Refining and Mining Co.</u>, 339 U.S. 186, 198-99.]

I.     THE EFTA VIOLATION HAS BEEN CONCLUSIVELY ESTABLISHED IN
PLAINTIFF'S FAVOR AS A MATTER OF FACT AND LAW

A. <u>The Ruling establishes an EFTA violation as a matter of fact and law.</u> Magistrate

Judge Garfinkel ruled. "It is undisputed that NRA did not request or obtain written

authorization from Mr. Guiliano before withdrawing funds from his account." Recommended

Ruling, Doc. No. 107 at 4 (approved 9/19/2003). That factual issue is deemed established for

the purpose of trial. Magistrate Judge Garfinkel also ruled that "NRA did not comply with the

provisions of the Electronic Funds Transfer Act, (EFTA) 15  U.S.C. § 1693 et seq., that

require written authorization for electronic debts [of] this sort." <u>Id</u>. at 15. "A review of the

EFTA revels that NRA was required to comply with the provisions requiring written

authorization. NRA's contention that the EFTA does not apply to it because it was not the

entity actually withdrawing the funds is untenable." <u>Id</u>. at 16. Pursuant to Rule 56(d), both the

facts and the EFTA violation are established for the purpose of trial.

B. <u>Plaintiff need not allege the statutes involved.</u> Defendants' Mem. Parts A and B claim that plaintiff is precluded from relying on an EFTA violation since he did not allege the particular statute. Federal notice pleading does not require plaintiff to allege the statute on which he relies. <u>Northrop v. Hoffman of Simsbury, Inc</u>., 134 F.3d 41, 46 (2d Cir. 1997) (FCRA) (the failure to cite a statute, or to cite the correct one, "in no way affects the merits of a claim"), followed in <u>Phillips v. Grendahl</u>, 312 F.3d 357 (8th Cir. 2002). Defendants' reliance on failure to plead the statute specifically is without merit. The allegation that defendant "took automated debits out of plaintiff's account . . . without plaintiff's knowledge, permission or consent" is sufficient to raise the EFTA issue. The EFTA mandates that Plaintiff's permission and consent be in writing. The mandate cannot be waived.

The EFTA, like the FDCPA, is a strict liability statute, subject only to the bona fide error defense. Contrary to Defendants' Mem. Part E, the Recommended Ruling left open (1) whether defendant can establish a bona fide error defense and (2) whether, as a matter of law, violation of another federal statute is a violation of the FDCPA. Doc. No. 107 at 17. As to the latter issue, Plaintiff respectfully submits that it is. 15  U.S.C. § 1692e(5) ("action that cannot legally be taken") not limited to state law; §1692e(9) (misrepresentation of document's federal or state source);   §1692f(1) ("permitted by law") not limited to state law. <u>See Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996) (failure to give proper federal §1692g notice also violates §1692e); <u>Creighton v. Emporia Credit Service, Inc.</u>, 981 F. Supp. 411 (E.D. Va. 1997) (same); <u>Romine v. Diversified Collection Services, Inc.</u>, 155 F.3d 1142, 1149 (9th Cir. 1998) (federal tariff applied to determine FDCPA violation); <u>Talbott v. GC Services Limited Partnership</u>, 53 F. Supp. 2d 846 (W. D. Va. 1999) (same);  <u>Adams v. First Federal Credit</u>

3

Control, Inc., 1992 U.S. Dist. LEXIS 8306, 1992 WL 131121 (N.D. Ohio May 21, 1992) (using the name "First Federal Credit Control" plus a letterhead that resembled the seal of the United States and a bald eagle violated the FDCPA, citing 18 U.S.C. § 712);

The Court should, instead, preclude Defendants' effort to revisit the EFTA issue, by precluding its factual claims that plaintiff voluntarily entered into an agreement (Joint Trial Mem. 18-19 ¶¶ 14-18, and corresponding portions of the proposed witness testimony at Joint Trial Mem. 24-28. Any such agreement had to be in writing. It was not.

## II. WHETHER FAILURE TO SEND A REMINDER BEFORE EACH FUND TRANSFER IS DECEPTIVE, MISLEADING OR OPPRESSIVE IS A JURY QUESTION.

Defendants' Mem. Part C contends that, because §1692f(2) (mandating advance notice before taking funds from a bank account) specifically applies only to post-dated instruments, plaintiff should be precluded from asking the jury to find that its failure to send him advance notice before electronically taking money out of his account was a "false, deceptive, or misleading representation or means" within the general prohibition of §1692e, or oppressive within the nonexclusive prohibition of §1692d. "At the outset, it should be emphasized that the use of any false, deceptive, or misleading representation in a collection letter violates § 1692e   regardless of whether the representation in question violates a particular subsection of that provision." Clomon v. Jackson, 988  F.2d 1314, 1320 (2d Cir. 1993);  Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).  Not giving advance notice is "within the penumbra" of FDCPA prohibitions – enacted in 1976 before electronic transfers were commonly used -- even if it does not violate a particular subsection. FTC  v.  Sperry  & Hutchinson Co., 405 U.S. 233, 244 n. 8 (1972).

The Recommended Ruling was merely based on the then "record and the proffered

4

legal authority." Ruling at 7. Denial of summary judgment on the narrow legal basis then

proffered does not preclude plaintiff's reliance on other sections of the FDCPA.

III. THE RECOMMENDED RULING DENYING SUMMARY JUDGMENT DOES NOT
PRECLUDE PLAINTIFF'S VALIDATION CLAIMS.

The Recommended Ruling did not accept plaintiff's validation claims as a per se matter

of law. Recommended Ruling at 14. Refusing to accept a claim as a matter of law does not

establish the converse: that the claim is invalid as a matter of law. From the Recommended

Ruling, it appears that Judge Garfinkel struggled with this issue, Recommended Ruling at 8-14,

after recognizing that his discussion would be superfluous in light of the "numerous factual

disputes between the parties." Recommended Ruling at 7.

Denial of summary judgment merely leaves open the question of fact: whether indeed

the validation notice confused or misled the least sophisticated consumer. Magistrate Judge

Garfinkel warned the defendants specifically, "Defendants should not take this recommended

ruling as a prediction by the Court that it will prevail at trial. Indeed, plaintiff has raised serious

issues and may be able to establish liability on the part of the defendants." Recommended

Ruling at 18. Moreover, the more basic underlying factual issue, whether plaintiff ever got any

validation notice, was not raised or decided in the summary judgment context, since it is

ordinarily a disputed issue of fact.

CONCLUSION

Since defendants' Motion in Limine #1 is based on their misunderstanding of the effect

of a denial of summary judgment, it should be denied. Instead, defendant's efforts to

undermine the conclusive EFTA rulings should be precluded at trial.

THE PLAINTIFF


BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net


This is to certify that the foregoing was mailed on February 17, 2004, postage prepaid,
to:

Eric Dean Jr
111 Whitney Ave
New Haven CT 06510

____/s/ Joanne S. Faulkner__
Joanne S. Faulkner