UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL GUILIANO : | CASE NO.: 300CV02115CFD |
| : | |
| v. : | |
| : | |
| NATIONAL RECOVERY AGENCY, INC. : | February 17, 2004 |
| ARTHUR A. KUSIC : | |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE No. 3

Plaintiff opposes defendants' Motion in Limine No. 3 (Doc. No. 131), which largely duplicates the positions they took in Motion in Limine No. 1. Defendants seek to exclude from evidence matters which the plaintiff allegedly "never pleaded." Defendants' position that federal pleading is fact pleading, rather than notice pleading, has been rejected by this Court repeatedly in denying defendants' several motions to dismiss (e.g., endorsements on Doc. Nos. 29, 86). Plainly, neither factual specifics nor statutes need be alleged in federal notice-pleading complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

> The . . . Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. . . . Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Conley v. Gibson, 355 U.S. 41, 48 (1957). In Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163, 168-69 (1993), the Supreme Court again confirmed that the Rules do not permit the courts to dismiss claims for lack of factual

specificity under Rule 12(b)(6). Under the Federal Rules and Supreme Court interpretation thereof, at trial, Plaintiff can prove whatever facts are consistent with the notice pleading complaint.

    A. <u>Plaintiff need not specifically allege violation of the EFTA.</u> Federal notice pleading does not require plaintiff to allege the statute on which he relies. <u>Northrop v. Hoffman of Simsbury, Inc.,</u> 134 F.3d 41, 46 (2d Cir. 1997) (FCRA) (the failure to cite a statute, or to cite the correct one, "in no way affects the merits of a claim"), followed in <u>Phillips v. Grendahl</u>, 312 F.3d 357 (8th Cir. 2002). Defendants' reliance on failure to plead the statute specifically is without merit. The allegation that defendant "took automated debits out of plaintiff's account . . . without plaintiff's knowledge, permission or consent" is sufficient to raise the EFTA issue.

    B. <u>Plaintiff adequately alleged a violation of §1692c(b) (impermissible third party contact.</u> Paragraph 7 of the Second Amended Complaint (Doc. No. 28) alleges "defendant NRA communicated with plaintiff <u>and others</u> in an effort to collect . . . ." (Emphasis added.) The allegation has been in the case since its inception. Defendants have judicially admitted the third party contact. Judicial admission, ¶10 of Doc. No. 101: "Defendant NRA initially refused to refund the funds <u>when contacted by Hazel Patterson,</u> in that Ms. Patterson had no apparent legal authority to act on behalf of the plaintiff." (Emphasis added.)

    C. <u>Plaintiff generally alleged that collection efforts violated the FDCPA.</u> In discovery, plaintiff sought the authority for the collection efforts. Defendants refused to provide it. Defense counsel has admitted that defendants had no authority from the creditor. "[T]here are no such [collection] agreements between NRA and Arthur Kusic and SNET." [Ex. A to Doc. No. 125] Plainly, in view of the admitted absence of authority to collect, all the collection

2

efforts were deceptive and misleading. Plaintiff has filed a motion in limine (Doc. No. 118) to preclude evidence that defendants had authority to collect in view of their adamant refusal to provide any authority in discovery, and their admission that such authority does not exist.

      D. <u>Plaintiff alleged that defendants took or retained money from plaintiff's bank account.</u>  In the Summary Judgment Ruling, the wrongful nature of the taking (in violation of the EFTA) was established as a matter of fact and law, as more fully explained in plaintiff's Opposition to Motion in Limine #1.   Plaintiff does not understand defendants' "theft or conversion" argument. The fact that a person who wrongfully deprived plaintiff of funds later used them to pay plaintiff's debt is not an excuse. If it were, any thief could escape liability by returning the victim's funds, or turning them over to the victim's landlord to pay overdue rent. Plaintiff, not defendants, had the right to decide how to use his limited funds. The Court should reject Defendants' attempt to set off plaintiff's debt to the creditor against their own liability for wrongfully taking the money in the first place.

      E. <u>Plaintiff alleged that the collection efforts were wrongful.</u> Defendants' continued efforts to collect after notice of plaintiff's assertion that he had not authorized them to take money from his bank account shows the intentional nature of their acts. Defendant's continued effort to take money in violation of the EFTA and without authority to do so was just as wrongful (threat to take an illegal act, §1692e(5)) as if they had actually taken funds. Unlawful efforts to collect, however unsuccessful, still violate the FDCPA.

CONCLUSION

Defendants' Motion in Limine # 3 is based on the untenable position that plaintiff must plead every fact and every statute on which he relies. The notice pleading concept of the Federal Rules of Civil Procedure belie their claim. Their motion should be denied.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on February 17, 2004, postage prepaid, to:

Eric Dean Jr
111 Whitney Ave
New Haven CT 06510

___/s/ Joanne S. Faulkner__
Joanne S. Faulkner