UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO  :  CASE NO.: 300CV02115CFD
                  :
v.                :
                  :
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC  :
                  :  MARCH 1, 2004

### DEFENDANTS' MOTION FOR PERMISSION TO PROVIDE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION IN LIMINE #1 [MATTERS ALREADY DECIDED ON SUMMARY JUDGMENT]

Defendants respectfully request permission to call to the Court's attention the following additional authority in support of their Motion in Limine #1, filed on February 10, 2004:

1. Defendants have filed their Motion in Limine #1 to prevent Plaintiff from attempting to introduce evidence or argument pertaining to issues which were already decided when the Court denied Plaintiff's Motion for Summary Judgment, on May 2, 2003 [see Document #107, adopted de novo by Judge Droney on 9/22/03].

2. The basic issue is: what issues were decided, and what precedential or preclusionary value attaches to the Court's 19 page decision rendered earlier in this case, which denied Plaintiff's Motion for Summary Judgment.

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

1

### A. THE COURT'S 19 PAGE DECISION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT CONSTITUTES THE "LAW OF THE CASE", AND MUST BE AFFORDED CONTROLLING AUTHORITY IN THE PRESENT CASE.

1. Plaintiff filed an expansive Motion for Partial Summary Judgment in this case on or about February 14, 2002. Defendant opposed that motion. Both parties filed supplemental memoranda for or against summary judgment. The issues involved were vigorously and fully argued and litigated, and eventually decided on the merits—i.e. there was no "default" involved.

2. The court carefully considered the issues, and Judge Garfinkel rendered a 19-page written decision on May 2, 2003, which denied Plaintiff's motion for summary judgment on all counts. Judge Garfinkel's opinion included findings of fact and conclusions of law throughout the text. This ruling was adopted on a de novo consideration of The Honorable Christopher Droney on September 22, 2003.

3. <u>In ruling on a Motion for Partial Summary Judgment, the Court is entitled to make findings which resolve both issues of law and fact</u>. See Rule 56, Federal Rules of Civil Procedure, and Moore's Federal Practice 3d, Section 56.40[2], Partial Summary Judgment May be Used to Shape Litigation: "Because of the particular nature of the claims raised, a court may also make a partial summary judgment ruling which resolves issues of both law and fact." (56-281) See <u>Gillette v. Delmore</u>, 886 F.2d 1194, 1197-1199 (9th Cir 1989); and "Courts employ the normal summary judgment standard in making partial summary judgment rulings resolving a claim or establishing facts." [page 56-280]

2

Also, see Leddy v. Standard Drywall, Inc., 875 F.2d 383, 386 (2nd Cir. 1989): "Once a district judge issues a partial summary judgment order removing certain claims from a case, the parties have a right to rely on the ruling . . . "

3. While not yet entitled to complete res judicata authority (which requires finality), the Court's Summary Judgment Order entered in the present case was an interlocutory order, but definitively disposed of a number of issues, and should be regarded as the "law of the case" in the present pending action. The "law of the case" doctrine is a rule of policy rather than one of law, a rule of practice rather than a limitation on power; it does not absolutely bar reconsideration of an issue, but stands for the proposition that a decision rendered on issues in a case will control thereafter in the same case, unless overturned or explicitly modified. See "Propriety of Federal District Judge's Overruling or Reconsidering Decision or Order Previously Made in Same Case by Another District Judge," 20 ALR Fed 13, at 30; see Copeland v. Merrill Lynch & Co., Inc., 47 F.3d 1415, 1424 (5th Cir. 1995);

4. The "law of the case" is akin to collateral estoppel or issue preclusion, and is intended to prevent parties from endlessly rearguing or retrying matters already decided. The doctrine can apply to earlier rulings made previously in the case by a judge in a number of contexts, including disposition of a Judgment on the Pleadings, construction of a reservation in a timber deed enunciated in an interlocutory injunction, or a ruling on a partial summary decree. See Dugas v. National Aircraft Corp. (1970, DC Pa) 310 F.Supp. 21, remanded on other grounds (CA3, Pa) 438 F.2d 1386, 16 ALR Fed. 663; Green v. Southern Timber Co. (1923, DC Ga) 291 F. 582; Florida Yacht Brokers, Inc. v. Yacht Huckster (1965, DC Fla) 249 F.Supp. 371.

United States v. Horton, 622 F.2d 144 (1980) [ruling on motion for partial summary judgment is the law of the case on the issues decided]. for a case where denial of summary judgment does function as res judicata, see Vasconcellos v. EG & G, Inc., 131 FRD 371 (D.Mass 1990).

As the Supreme Court stated in Arizona v. California, 103 S.Ct 1382 (1983):

> . . . while the technical rules of preclusion are not strictly applicable, the principles upon which these rules are founded should inform our decision. . . . a fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive. . . . "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." [at pp. 619-620] [citations omitted]

The doctrine usually applies to situations where a 2nd judge is called upon to respect rulings made earlier by a 1st judge in the case; however, the same principles apply where the sitting judge on the case is called upon to overturn, modify, or ignore an order already decided in an earlier ruling in the same case.

5. Plaintiff has cited authority for the proposition that the law of the case does not apply to an interlocutory order [see United States v. United Stated Smelting Refining and Mining Co., 339 U.S. 186, 198-199], but this citation is not appropriate or controlling for the following reasons:

(a) the "law of the case" by its very nature applies to interlocutory rather than final orders; if one had a final order, then one would be considering the issues of res judicata, collateral estoppel, claim and issue preclusion. When the order is interlocutory, then the legal doctrine at issue is "the law of the case."

4

(b) <u>United States v. U.S. Smelting Co.</u> is a 1949 case, which has been repeatedly distinguished on its facts as NOT standing for the principle that an order must be final to be given controlling authority under the law of the case. See, for instance, <u>Matter of Oil Spill by the Amoco Cadiz</u>, 954 F2d 1279, 1291 (7th Cir 1992) [rejected idea that <u>United States v. U.S. Smelting</u> applied to a situation where the court has already decided issues]; <u>U.S. v. Turtle Mtn. Band of Chippewa Indians</u>, 612 F.2d 517, 520 (1979) [distinguishes <u>Smelting</u>, since the <u>Smelting</u> Court was dealing with a situation where there was no decision—in <u>Smelting</u> the court had remanded a matter for further proceedings, and the "further proceedings" had not yet yielded a decision].

(c) it is clear from the authority cited above, particularly the dozens of cases analyzed in "Propriety of Federal District Judge's Overruling or Reconsidering Decision or Order Previously Made in Same Case by Another District Judge," 20 ALR Fed 13, that the law of the case USUALLY applies to interlocutory orders entered earlier in the SAME pending case, i.e. there is no requirement that a decision be "final" to be granted authority under the doctrine of the law of the case.

### B. THE DOCTRINE OF THE LAW OF THE CASE STRICTLY LIMITS PARTIES FROM CHALLENGING EARLIER RULINGS MADE BY A COURT.

1. Moreover, the doctrine of the law of the case limits parties from challenging or attempting to overthrow, explicitly or implicitly, rulings made previously in the same case. The prevailing standard in the 2nd Circuit is that there is a strong policy favoring finality, and courts are loathe to revisit earlier decisions <u>unless</u> there are extraordinary circumstances

which demonstrate that the earlier decision was "clearly erroneous and would work a manifest injustice". See North River Ins. Co. v. Phila. Reinsurance Corp, 63 F3d 160, 165 (2nd Cir. 1995).

Other 2nd Circuit decisions suggest that appropriate circumstances to revisit an earlier decision in a case would be if there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice [see Goldberg v. Cablevision Systems Corp., 281 F.Supp.2d 595, 603 (E.D.N.Y. 2003)]; or the availability of new and compelling evidence [see Suel v. Secretary of Health and Human Services, 192 F.3d 981, 986 (Fed. Cir. 1999). Other circuits also follow this policy. See, for instance, Delta Savings Bank v. U.S., 265 F.3d 1017, 1027 (9th Cir 2001):

> While courts have some discretion not to apply the doctrine of law of the case, that discretion is limited. The prior decision should be followed unless: (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.

2. In the present case, Plaintiff proposes to put before the jury the same issues decided against him on the merits in the Court's 19 page decision on Summary Judgment; however Plaintiff does not justify or support this attempt by presenting any new or compelling evidence, or an intervening change of controlling law, or anything which would support a review and modification of the Court's earlier ruling in denying Plaintiff's Motion for Partial Summary Judgment. Rather, the Plaintiff baldly asserts that the findings of fact and law in the Court's earlier decision are not entitled to any authority under the law of the case. Plaintiff is

not even attempting to honestly revisit or reopen the earlier decision of the Court; rather, Plaintiff is ignoring, or worse flouting the Court's ruling denying his Motion for Partial Summary Judgment.

Plaintiff vigorously fought against the Court's denial of his Motion for Partial Summary Judgment in 2003, and having failed to persuade the Court when it made its earlier ruling on summary judgment, Plaintiff now proposes to simply ignore the Court's earlier decision. This should not be allowed to happen.

### C. IN DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, THE COURT ENTERED CONCLUSIVE FINDINGS ON A NUMBER OF ISSUES, AND PLAINTIFF SHOULD NOT BE ALLOWED TO IGNORE, REOPEN, OR NULLIFY THE COURT'S EARLIER DECISION WITHOUT MEETING THE STRINGENT STANDARDS OUTLINED ABOVE.

1. Having suffered a sweeping loss in the Court's denial of his Motion for Partial Summary Judgment, Plaintiff attempts to circumvent this earlier adverse ruling by arguing at this time that the denial of his Motion for Summary Judgment failed to dispose of any issues, but rather was based on a finding that there were genuine issues of material fact, which have to be tried (before a jury). This is simply not true. What Plaintiff really wants to so is put the issues already decided by the Court against Plaintiff before a Jury for a "second opinion." The Court should not allow this to happen.

2. On a number of issues decided in the Court's earlier denial of Plaintiff's Motion for Partial Summary Judgment, the Court found <u>as a matter of law</u> that Defendants' documents or

7

omission had not violated the FDCPA, and these issues have been removed from the table, and should not be submitted to the jury:

(a) Regarding Plaintiff's claim that Defendant NRA's initial dunning letter of May 31, 2000, on its face violated 15 USC Section 1692g (validation of debts), the Court found that this initial letter did NOT violate 15 USC Section 1692g, stating in part:

> The Court rejects plaintiff's claim that, as a matter of law, NRA's dunning letter contained language that "overshadowed or contradicted" the accurate information in the paragraph setting for the statutory rights to request validation of the debt within thirty days. [Document #107, page 12]

There are no residual "issues of genuine material fact." There is nothing left for a jury to consider or decide on this issue. The letter is the letter. Plaintiff claimed the letter on its face violated 15 USC Section 1692g. The Court ruled as a matter of law that this letter did not violate 15 USC Section 1692g. This issue has been disposed of by the Court conclusively.

The Plaintiff now wants to suggest that maybe the letter of May 31, 2000, was not sent. Plaintiff already alleged in earlier pleadings (in his Motion for Partial Summary Judgment) that the letter was sent; this functions as a judicial admission, and Plaintiff cannot now claim or suggest that the letter was never sent. Plaintiff alleged the letter was sent, presented to the Court the form of that letter, and the Court ruled as a matter of law that the letter did not violate the FDCPA.

(b) Regarding Plaintiff's claim that the failure of Defendants to send a reminder notice to Plaintiff before requesting the withdrawal of funds from his bank account, had violated 15 USC Section 1692(f)(2), the court specifically found that:

> . . . plaintiff's reliance upon 15 U.S.C. [section] 1692(f)(2) as establishing a per se violation of the FDCPA's notice requirement in this case is inappropriate because that section pertains to postdated instruments. . . . Here, the facts concern some scheduled electronic withdrawals and not a postdated instrument provided by Mr. Guiliano to NRA. Therefore, the Court finds that, based upon this record and the proffered legal authority, the plaintiff is not entitled to summary judgment on his FDCPA claims premised upon failure to provide advance notice and failure to cease scheduled electronic payments upon a verbal notification from SNET. [Document #107, see page 7]

On this issue, there is nothing Plaintiff could prove beyond the omission of Defendants to send a reminder notice. The Court already found that <u>even if Plaintiff demonstrated that Defendants failed to do something</u> (send a reminder notice), <u>that this omission did not violate the portions of the FDCPA cited by Plaintiff</u>. There are no residual issues of genuine material fact on this issue. There is nothing left for a jury to consider or decide on this issue. The Court has ruled conclusively on this issue.

(c) Regarding the Plaintiff's claim that various actions of the Defendants violated the EFTA, the Court found:

> Lastly, plaintiff argues NRA violated the FDCPA because it violated the EFTA. Plaintiff's argument appears to be that any violation of the EFTA constitutes a separate violation of the FDCPA. Notably, plaintiff has not brought a separate claim under EFTA and has not sought to amend his complaint. Also, **plaintiff's right to raise an independent EFTA claim is problematic at this time because he references the EFTA for the first time in this motion and clearly beyond the one year statute of limitations for EFTA claims. 15 USC [section] 1693m(g)** . . . . The plaintiff urges this Court to conclude that the FDCPA

9

provides a remedy to a plaintiff for actions by a debt collector that violate any law. . . . the Court finds that the plaintiff has not met his burden to establish an entitlement to summary judgment on his FDCPA claim arising out of a violation of the EFTA. [Document #107, pp. 16-17] [emphasis added in bold and underlines]

The Court found, in a nutshell, that the Plaintiff's attempt to argue violations of the EFTA was barred by the Statute of Limitations. There is nothing left for a jury to consider or decide on this issue, because the EFTA claim was never properly pleaded, and is now barred by the Statute of Limitations.

(d) Regarding Plaintiff's claim that Defendant NRA's alleged failure to secure written authorization from Plaintiff for withdrawals from his bank account to pay the SNET debt violated the FDCPA, specifically 15 USCS Sections 1692f(1), 15 USCS Section 1692f(6), and 15 USCS Section 1692e(5): the Court found that even if Plaintiff had neglected to send notices, this did not violate the statutes in issue [see Document #107, pages 14-16]. Again, there are no residual issues of genuine material fact to be determined. There is nothing left for a jury to consider or decide on this issue. <u>The Court decided that even an omission/failure to do something (secure written authorization for withdrawals), did NOT constitute a violation of the portions of the FDCPA which Plaintiff alleged had been violated</u>. The Court has ruled on this issue conclusively.

3. By the nature of the issues presented in Plaintiff's Motion for Summary Judgment, i.e. that certain letters sent by Defendants on their face allegedly violated the FDCPA, or that the failure of Defendants to take certain actions allegedly violated the FDCPA, were

<u>conducive to a ruling by the Court which was on the merits and conclusive</u>. This is in fact what happened: <u>the Court ruled on the merits and conclusively against Plaintiff</u>. Plaintiff should not be allowed to place the exact same issues before a jury, in hopes that the jury will disagree with the Court's earlier decision.

4. Plaintiff has suggested that what the Court really did in denying his Motion for Summary Judgment was to conclude that there were material issues of fact which needed to be tried, but this is not so on the following issues (pertaining to which Defendants seek their Motion in Limine #1):

(a) Regarding the fact that the EFTA claim is barred by the Statute of Limitations, there are no material issues of fact which need to be tried.

(b) Regarding Plaintiff's allegation that the letter of May 31, 2000, violated the FDCPA, Section 1692g, there are no material issues of fact which need to be tried. The Court already found that the letter sent by Defendant NRA on May 31, 2000, did not violate 15 USC Section 1692g; the Plaintiff desperately cites case law for the proposition that a violation of 15 USC Section 1692g can also be considered a violation of Section 1692e, but this ignores the fact that Court found and concluded that there was no violation of Section 1692g!

(c) Regarding Plaintiff's claim that the FAILURE of Defendant NRA to secure written approval for withdrawals from Plaintiff's bank account, or Plaintiff's claim that the FAILURE of Defendant NRA to send reminder notices violated the FDCPA, there are no material issues of fact which need to be tried. Plaintiff already alleged a worst case scenario (from Defendants' perspective) that Defendant NRA failed to do certain things, and <u>the Court</u>

11

<u>concluded that even these failures, if established, do not constitute violations of the FDCPA.</u> These issues have been conclusively determined by the Court, and Plaintiff should not be allowed to surreptitiously overthrow the Court's decision by resubmitting these same issues to a jury.

### D. <u>THE COURT SHOULD REJECT PLAINTIFF'S ARGUMENT THAT THE COURT ESTABLISHED THAT THERE WAS ANY VIOLATION OF THE EFTA.</u>

1. After arguing that (a) the Court did not conclusively decide any issues in its denial of Plaintiff's Motion for Partial Summary Judgment; and (b) if it did, the decision is not entitled to authority under the law of the case, the Plaintiff then turns around and argues, in a completely contradictory manner, that the Court DID establish that the Defendants violated the EFTA as a matter of law and fact. This outlandish argument should be rejected by the Court.

2. First of all, the Court found quite explicitly that the Plaintiff had not pleaded a violation of the EFTA in the present case, and that any consideration of the EFTA would be barred by the Statute of Limitations, were Plaintiff to attempt to amend his complaint.

3. Second, the Court did include language as to a putative violation of the EFTA, but this language was clearly dictum for two explicit, clear, and unambiguous reasons:

(a) the Court found that the EFTA had not been pleaded, and could not be pleaded due to the expiration of its 1-year statute of limitations; and

(b) the Court declined to grant partial summary judgment to Plaintiff on its EFTA claim.

12

4. If the argument of Plaintiff that the Court found a violation of the EFTA were remotely true, then the Court already would have entered summary judgment in favor of Plaintiff on this issue. The very fact that the Court declined to enter summary judgment for Plaintiff, and stated moreover, that Plaintiff had not pleaded the EFTA, and now could not plead the EFTA due to the expiration of the 1-year statute of limitations, speaks for itself.

5. The Court should repudiate Plaintiff's attempt to argue that the Court found a violation of the EFTA, when the Court found no such thing, and, on the contrary, explicitly found that the EFTA has not been pleaded, could not be pleaded at this time, and that summary judgment would be denied Plaintiff on its supposed EFTA claim.

E. **CONCLUSION.**

The Court earlier denied Plaintiff's Motion for Partial Summary Judgment in its entirety. The findings of the Court make it clear that the four issues outlined above have been decided on their merits, and that further consideration of these issues by the jury are precluded, and should be barred pursuant to Defendants' Motion in Limine #1. Plaintiff has made wildly inconsistent arguments to attempt to thwart and circumvent the Court's earlier ruling, in Plaintiff's desperate attempt to place issues already decided by the court before a jury—in the hopes that the jury will disagree with the Court's earlier ruling.

This attempt to get a "second bite at the apple" is exactly what the law of the case is intended to prevent. Plaintiff already vigorously disputed the Court's earlier denial of his Motion for Partial Summary Judgment (and at that time made the same arguments which he

presents in his opposition to Defendant's Motion in Limine #1). The time for filing for reconsideration, or asking for an interlocutory appeal to a higher court regarding the issues decided by the Court in its ruling denying Plaintiff's Motion for Partial Summary Judgment has expired long ago. Plaintiff should not be allowed to flaunt the Court's opinion, and surreptitiously place the same issues, already decided by the court, before a jury.

Defendants respectfully ask that the Court grant their Motion in Limine #1.

Dated: March 1, 2004.

*Eric Dean*
Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| v. | : |
| NATIONAL RECOVERY AGENCY, INC. ARTHUR A. KUSIC | : |
| | : MARCH 1, 2004 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing <u>DEFENDANTS' MOTION FOR PERMISSION TO PROVIDE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION IN LIMINE #1</u> was mailed on March 1, 2004, first-class U.S. Mail, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

Eric T. Dean, Jr.
Federal Bar # ct 20622