UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| | : |
| v. | : |
| | : |
| NATIONAL RECOVERY AGENCY, INC. | : |
| ARTHUR A. KUSIC | : |
| | : MARCH 1, 2004 |

**DEFENDANTS' MOTION FOR PERMISSION TO PROVIDE
SUPPLEMENTAL AUTHORITY IN SUPPORT OF
THEIR MOTION IN LIMINE #2
[ARGUMENT THAT NRA's PHONE CALL OF JUNE 23, 2000,
CONSTITUTED AN INITIAL CONTACT AND VIOLATED
15 USC SECTION 1692g. VALIDATION OF DEBTS]**

Defendants respectfully request permission to call to the Court's attention the following additional authority in support of their Motion in Limine #2, filed on February 10, 2004:

1. Defendants have filed their Motion in Limine #2 to prevent Plaintiff from attempting to introduce evidence or argument pertaining to the claim that NRA's phone call of June 23, 2000, constituted an initial contact and violated 15 USA Section 1692g. Validation of Debts.

2. The basic issue is: since Plaintiff already judicially admitted that Defendant NRA's first contact with Plaintiff was by means of letter dated May 31, 2000, should Plaintiff now be allowed to claim that the May 31st letter never happened, and that the first contact with Plaintiff occurred by means of a phone call made on June 23, 2000?

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

1

## I. PLAINTIFF JUDICIALLY ADMITTED THAT DEFENDANTS SENT AN INITIAL DUNNING LETTER TO PLAINTIFF ON MAY 31, 2000.

1. In filing for Summary Judgment on or about February 14, 2002, Plaintiff alleged and claimed that Defendant NRA sent an initial dunning letter to Plaintiff, and that the terms of this letter, on its face, violated the requirements of 15 USC Section 1692g. Validation of Debts.

2. The Court in its ruling denying Plaintiff's Motion for Partial Summary Judgment (see Document #107), found that the letter (Deposition Exhibit #7) had been sent ["... the Court will address the question of the facial legality of Exhibit 7, the dunning letter sent to Mr. Guiliano from NRA . . . "]. The Court further found that this letter did NOT violate 15 USC Section 1692g.

3. Plaintiff admitted that a dunning letter was sent on May 31, 2000, and that it was in the form of EITHER Exhibit #1 or #7 (Defendant's Collection Records, Exhibits 4, 5 to 12/20/01 Deposition).

4. These assertions amount to a judicial admission that a dunning letter was sent from Defendant NRA to Plaintiff on May 31, 2000. Plaintiff cannot now be allowed to argue that no such letter was sent, and that Defendant NRA's first contact with Plaintiff occurred on June 23, 2000.

2

## II. THE LAW OF THE CASE ESTABLISHES THAT DEFENDANT NRA SENT A DUNNING LETTER TO PLAINTIFF ON May 31, 2000, AND THAT THIS LETTER DID NOT VIOLATE 15 USC SECTION 1692g.

1. Aside from the fact that Plaintiff judicially admitted that Defendant NRA sent a dunning letter to Plaintiff on May 31, 2000, the Court has established as a matter of law in its denial of Plaintiff's Motion for Partial Summary Judgment (see Document #107) that Defendant NRA sent this letter on May 31, 2000, and that the letter did not violate 15 USC Section 1692g.

2. In ruling on a Motion for Partial Summary Judgment, the Court is entitled to make findings which resolve both issues of law and fact. See Rule 56, Federal Rules of Civil Procedure, and Moore's Federal Practice 3d, Section 56.40[2], Partial Summary Judgment May be Used to Shape Litigation: "Because of the particular nature of the claims raised, a court may also make a partial summary judgment ruling which resolves issues of both law and fact." (56-281) See Gillette v. Delmore, 886 F.2d 1194, 1197-1199 (9th Cir 1989); and "Courts employ the normal summary judgment standard in making partial summary judgment rulings resolving a claim or establishing facts." [page 56-280]

Also, see Leddy v. Standard Drywall, Inc., 875 F.2d 383, 386 (2nd Cir. 1989): "Once a district judge issues a partial summary judgment order removing certain claims from a case, the parties have a right to rely on the ruling . . . "

3. While not yet entitled to complete res judicata authority (which requires finality), the Court's Summary Judgment Order entered in the present case was an interlocutory order, but definitively disposed of a number of issues, and should be regarded as the "law of the case" in

the present pending action. The "law of the case" doctrine is a rule of policy rather than one of law, a rule of practice rather than a limitation on power; it does not absolutely bar reconsideration of an issue, but stands for the proposition that a decision rendered on issues in a case will control thereafter in the same case, unless overturned or explicitly modified. See "Propriety of Federal District Judge's Overruling or Reconsidering Decision or Order Previously Made in Same Case by Another District Judge," 20 ALR Fed 13, at 30; see Copeland v. Merrill Lynch & Co., Inc., 47 F.3d 1415, 1424 (5th Cir. 1995);

4. The "law of the case" is akin to collateral estoppel or issue preclusion, and is intended to prevent parties from endlessly rearguing or retrying matters already decided. The doctrine can apply to earlier rulings made previously in the case by a judge in a number of contexts, including disposition of a Judgment on the Pleadings, construction of a reservation in a timber deed enunciated in an interlocutory injunction, or a ruling on a partial summary decree. See Dugas v. National Aircraft Corp. (1970, DC Pa) 310 F.Supp. 21, remanded on other grounds (CA3, Pa) 438 F.2d 1386, 16 ALR Fed. 663; Green v. Southern Timber Co. (1923, DC Ga) 291 F. 582; Florida Yacht Brokers, Inc. v. Yacht Huckster (1965, DC Fla) 249 F.Supp. 371. United States v. Horton, 622 F.2d 144 (1980) [ruling on motion for partial summary judgment is the law of the case on the issues decided]. for a case where denial of summary judgment does function as res judicata, see Vasconcellos v. EG & G, Inc., 131 FRD 371 (D.Mass 1990).

As the Supreme Court stated in Arizona v. California, 103 S.Ct 1382 (1983):

> . . . while the technical rules of preclusion are not strictly applicable, the principles upon which these rules are founded should inform our decision. . . . a fundamental precept of common-law adjudication is that an issue once determined

4

by a competent court is conclusive. . . . "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." [at pp. 619-620] [citations omitted]

The doctrine usually applies to situations where a 2nd judge is called upon to respect rulings made earlier by a 1st judge in the case; however, the same principles apply where the sitting judge on the case is called upon to overturn, modify, or ignore an order already decided in an earlier ruling in the same case.

5. Since the Court found that Defendant NRA sent a dunning letter to Plaintiff on May 31, 2000, Plaintiff cannot now attempt to claim that there was no dunning letter sent on May 31, 2000.

### III. CONCLUSION.

Plaintiff has already judicially admitted that Defendant sent a dunning letter to Plaintiff on May 31, 2000. The court found that this letter was sent, and that it did not violate 15 USC Section 1692g. Plaintiff should not be allowed to now argue that the first contact between Defendant NRA and Plaintiff occurred by means of a telephone call on June 23, 2000, and that this telephone call violated the validation requirements of 15 USC Section 1692g. which pertain to an initial contact between a debt collector and a debtor.

Defendants respectfully ask that the Court grant their Motion in Limine #2.

Dated: March 1, 2004.

                                                                       /s/ Eric T. Dean, Jr.
Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO : CASE NO.: 300CV02115CFD
:
v. :
:
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC :
: MARCH 1, 2004

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing <u>DEFENDANTS' MOTION FOR PERMISSION TO PROVIDE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION IN LIMINE #2</u> was mailed on March 1, 2004, first-class U.S. Mail, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

Eric T. Dean, Jr.
Federal Bar # ct 20622

7