UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO             : CASE NO.: 300CV02115CFD
                             :
v.                           :
                             :
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC              :
                             : MARCH 1, 2004

### DEFENDANTS' MOTION FOR PERMISSION TO PROVIDE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION IN LIMINE #3 [MATTERS NEVER PLEADED]

Defendants respectfully request permission to call to the Court's attention the following additional authority in support of their Motion in Limine #3, filed on February 10, 2004:

1. Defendants have filed their Motion in Limine #3 to prevent Plaintiff from attempting to introduce evidence or argument pertaining to claims which were never pleaded in Plaintiff's Second Amended Complaint.

2. The basic issue is: should Plaintiff be allowed to submit to the jury claims or issues for decision, when such claims were never pleaded or included in any of Plaintiff's three complaints, the last two of which amended complaints were filed pursuant to an Order for More Definite Statement entered by the Honorable Christopher F. Droney. [see Document #7, with endorsement of Judge Droney on 1/29/01]

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

1

## I. PLAINTIFF FAILED TO EVER PLEAD THE ISSUES WHICH DEFENDANTS SEEK TO EXCLUDE PURSUANT TO THIS MOTION IN LIMINE #3.

### A. EFTA:

1. None of Plaintiff's three complaints in the present case, particularly his Second Amended Complaint (attached as Exhibit A), alleged a violation of the EFTA (Electronic Funds Transfer Act, 15 USC Section 1693). Plaintiff never cited the statute itself. Plaintiff's complaints did not use the words or phrase "electronic funds" or "transfer", or claim a violation of the "Electronic Funds Transfer Act". Plaintiff claimed only that Defendants violated 42 USC Section 407 by taking automated debits out of his bank account without his knowledge, permission, or consent (see paragraph #9). Plaintiff was claiming a violation of 42 USC Section 407. Plaintiff further claimed that Defendant knew these funds were "exempt" (again, a seeming reference to 42 USC Section 407 and the status of Social Security funds). In no way, shape, or form were Defendants given "fair notice" of an EFTA claim, as would be required for Plaintiff to advance such a claim. See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

2. Plaintiff's Second Amended Complaint included TWO counts, one for alleged violations of the FDCPA, and the other for alleged violations of Connecticut state law (Creditors' Collection Practices Act, and CUTPA. There was NO third count included for alleged violations of the EFTA.

3. In its 19-page decision, denying Plaintiff's Motion for Partial Summary Judgment, the Court stated:

2

> Lastly, plaintiff argues NRA violated the FDCPA because it violated the EFTA. Plaintiff's argument appears to be that any violation of the EFTA constitutes a separate violation of the FDCPA. Notably, **plaintiff has not brought a separate claim under EFTA and has not sought to amend his complaint. Also, plaintiff's right to raise an independent EFTA claim is problematic at this time because he references the EFTA for the first time in this motion and clearly beyond the one year statute of limitations for EFTA claims**. 15 USC [section] 1693m(g) . . . . The plaintiff urges this Court to conclude that the FDCPA provides a remedy to a plaintiff for actions by a debt collector that violate any law. . . . the Court finds that the plaintiff has not met his burden to establish an entitlement to summary judgment on his FDCPA claim arising out of a violation of the EFTA. [Document #107, pp. 16-17, adopted de novo by Judge Droney on 9/22/03] [emphasis in bold and underlined]

Plaintiff tried to overcome this problem (of not pleading a violation of the EFTA) by claiming that it was not required to specifically plead such a violation, but rather, that its general assertion that Defendants violated the FDCPA automatically incorporated by reference (even though there was no reference) a violation of ANY state or federal law. The Court itself rightly rejected this idea, which would completely gut and eviscerate the "fair notice" requirement of Rule 8. [see Document #107, page 17]

### B. UNAUTHORIZED COMMUNICATION WITH THIRD-PERSON (VIOLATION OF 15 USC SECTION 1692c(b)):

1. None of Plaintiff's three complaints in the present case, including its Second Amended Complaint, alleged a violation of 15 USC Section 1692c, or stated that Defendants had allegedly made improper or illegal communications with unauthorized third-persons, concerning Plaintiff's SNET debt.

2. In his statement in opposition to this Motion in Limine, Plaintiff now points out that his complaint alleged that "defendant NRA communicated with plaintiff and others in an

effort to collect . . . ", and wants to argue that the phrase "and others" can be read to mean that Defendant NRA made illegal communications with unauthorized third-persons in contravention of 15 USC Section 1692c. Plaintiff is overreaching in the worst way!

3. First of all, the mere term "and others" cannot be read to mean "Defendants made illegal attempts to communicate with unauthorized third-persons concerning Plaintiff's SNET debt, in contravention of 15 USC Section 1692c." The terms "and others" can be reasonably read by Defendants to mean that Plaintiff alleges that Defendants communicated with "others" who were authorized to act on behalf of Plaintiff, e.g. Plaintiff's attorney. Defendants did, in fact, communicate with Plaintiff's attorney—so they reasonably assumed this is what the term meant, and Defendants were not put on notice that Plaintiff meant to allege "unauthorized" or "illegal" contact with "third-persons" in violation of 15 USC Section 1692c.

4. The present case was filed in late 2000, but Plaintiff did not cite the statute 15 USC Section 1692c in his Second Amended Complaint, or provide any specific allegations of unauthorized contact with third-persons in violation of that statute. This allegation did not emerge until February of 2004, over 3 years after the case was filed, when Plaintiff assembled his portion of the Joint Trial Memorandum, and for the first time articulated this claim.

5. Since this claim was never pleaded, it is now barred by the 1-year statute of limitations for FDCPA claims. See 15 USC Section 1692k(d).

6. Plaintiff further asserts that Defendants admitted such a violation of the law, but that is not true. See Defendants' response to paragraph #7 of Plaintiff's Second Amended

4

Complaint, in Defendants' Amended Answer and Affirmative Defenses, filed on or about December 2, 2002. [Document #101]

### C. DEFENDANTS' ALLEGED LACK OF AUTHORITY TO COLLECT THE SNET DEBT FROM PLAINTIFF.

1. In no portion of his Second Amended Complaint did Plaintiff allege that Defendants lacked authority to collect the SNET debt from Plaintiff (i.e. that SNET did not authorize Defendant NRA to collect Plaintiff's debt).

2. In the materials submitted in the Joint Trial Memorandum, Plaintiff now wants to raise this issue, and place it before the jury, i.e. that Defendants were not authorized to collect Plaintiff's SNET debt, and that their unauthorized efforts to collect said debt somehow violated the FDCPA. However, in that Plaintiff did not allege any such violation in his Second Amended Complaint, he cannot raise the issue now—over 3 years after this case was first filed.

3. The entire thrust of Plaintiff's Second Amended Complaint was that Defendants allegedly seized Plaintiff's Social Security funds to pay his SNET debt. The claim was that this activity violated 42 USC Section 407. Plaintiff admitted that Defendant NRA was attempting to collect a SNET debt, and did not dispute (in his Second Amended Complaint) Defendant NRA's authority to do so. Indeed, the gist of Plaintiff's Second Amended Complaint was that Defendants were "debt collectors" acting on behalf of SNET to collect a debt from Plaintiff—and therefore they were subject to the FDCPA.

4. Related to this issue is Plaintiff's attempt in the Joint Trial Memorandum to claim that Defendants violated the FDCPA in some manner when Plaintiff's SNET debt was recalled from collection by SNET in September of 2000. Plaintiff has never articulated any kind of claim relating to this sequence of events, and cannot attempt at this late date to manufacture such a claim, of which Defendants received no "fair notice" in Plaintiff's Second Amended Complaint.

5. Since these claims (no authority from SNET to collect Plaintiff's SNET debt; improper procedure to return a recalled debt to SNET) were never pleaded, they are now barred by the 1-year statute of limitations for FDCPA claims. See 15 USC Section 1692k(d).

6. In its denial of Plaintiff's Motion for Partial Summary Judgment (Document #107), the Court noted (at page 5) that Plaintiff had failed to make any claim or argument regarding Defendants' supposed failure to follow appropriate procedures upon receipt of a verbal report that a creditor was discontinuing collection of a debt. Having failed to make this claim in a timely fashion within the 1-year statute of limitations, the Plaintiff cannot manufacture such a claim at this late date.

### D. CONVERSION, THEFT, OR LARCENY.

1. In his Second Amended Complaint, plaintiff seems to claim in a vague way that Defendants committed some form of conversion, theft, or larceny, by taking his money without his knowledge, permission, or consent. This would seem to amount to some form of conversion, theft, or larceny—but Plaintiff has never pleaded such issues, included them in his Two Counts, or cited any appropriate state statute to support such an allegation.

6

2. On this basis, the Court should not allow Plaintiff to present any argument or evidence to the Jury that Defendants supposedly took or seized Plaintiff's money without his knowledge, permission, or consent.

3. If indeed Plaintiff is advancing some form of a claim of conversion, theft, or larceny, then this claim should not be presented to a Federal Court under the umbrella of an FDCPA case, but should be filed in State Court. To the extent that such claims are properly included in the present case in Federal Court, Plaintiff should not be entitled to a jury trial on these issues.

## II. THE CASES CITED BY PLAINTIFF ARE NOT GERMANE TO THE PRESENT CASE.

In his Opposition to this Motion in Limine, Plaintiff cites case law for the proposition that even if a plaintiff does not cite a specific statute in his complaint, his claim can still be established and recognized by the Court. However, the cases cited by Plaintiff can be distinguished on their facts and are not relevant to the present case. In Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41 (2nd Cir. 1997), the plaintiff filed a case based on alleged violations of the Fair Credit Reporting Act (FRCA) and the Connecticut Unfair Trade Practices Act (CUTPA). The Plaintiff alleged violations of 15 U.S.C. Section 1681a <u>et seq.</u> (FRCA) [emphasis added in underlines], and the issue for the court was whether this mode of pleading ("et seq") could be read to include Sections 1681m and 1681n, even though they had

not been specifically pleaded. The Court held that the complaint could be read to reference and incorporate 1681m & n.

The present case is completely different, in that Plaintiff presented a two-count complaint, the first of which alleged violation of the FDCPA, and the second count of which alleged violation of specifically-cited Connecticut consumer laws including the Connecticut Unfair Trade Practices Act. Plaintiff made no reference, by statute or otherwise, to the EFTA (Electronic Funds Transfer Act), nor did he use the phrase or term "EFTA" or "Electronic Funds Transfer Act" anywhere in the complaint.

Now aware of the fact that he had never pleaded a violation of the EFTA, Plaintiff wants to incorporate by reference—even though there was no reference—an allegation of a violation of the EFTA into Count One. The Court (in its denial of Plaintiff's Motion for Partial Summary Judgment) suggested that this could not be done without a specific amendment of the complaint, and in light of the fact that the one-year statute of limitations concerning EFTA violations has lapsed, the Court concluded that such an amendment could not be made.

For the FDCPA component of the case, Plaintiff at no time pleaded or articulated any claims relating to 15 USC Section 1692c, or any claim that Defendant NRA attempted to collect the SNET debt without authorization from SNET, or that Defendant NRA violated any kind of recall protocol. These claims cannot be manufactured at this time, and retrospectively included in Plaintiff's Second Amended Complaint, which was filed almost 3 years ago.

## III. CONCLUSION.

In his Second Amended Complaint, the Plaintiff pleaded two, and only two counts, one a violation of the FDCPA, the other a violation of state laws (Creditors' Collection Practices Act and the CUTPA). Plaintiff did not include a third count for violation of the EFTA, or any count alleging conversion, theft, or larceny. He cannot now attempt to insert such claims into his complaint retrospectively.

At no point in the Second Amended Complaint did Plaintiff allege a violation of 15 USC Section 1692c (illegal contact with unauthorized third-persons), or a violation of the FDCPA for collecting a debt without authorization (or failing to follow proper recall procedure). No such specific claims were included, despite the fact that the Court ordered Plaintiff to make a more definite statement of his case [see Document #7, endorsed by Judge Droney on 1/29/01]. Plaintiff should not be allowed to attempt to manufacture such claims at this late date and insert them into his Second Amended Complaint retrospectively.

Defendants respectfully ask that the Court grant their Motion in Limine #3.

Dated: March 1, 2004.

Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO              :    CASE NO.: 300CV02115CFD
                              :
v.                            :
                              :
NATIONAL RECOVERY AGENCY, INC.:
ARTHUR A. KUSIC               :
                              :    MARCH 1, 2004

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANTS' MOTION FOR PERMISSION TO PROVIDE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION IN LIMINE #3 was mailed on March 1, 2004, first-class U.S. Mail, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

_____
Eric T. Dean, Jr.
Federal Bar # ct 20622

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL GUILIANO                             JURY TRIAL DEMANDED

v.                                            CASE NO. 3:00CV2115 CFD

NATIONAL RECOVERY AGENCY, INC.
ARTHUR A. KUSIC                               April 2, 2001

### SECOND AMENDED COMPLAINT

With the consent of the defendant, plaintiff hereby amends his First Amended Complaint to delete the word "mental" from paragraph 4:

On January 29, 2001, this court granted defendants' Motion for More Definite Statement on the basis of plaintiff's lack of opposition. Plaintiff had not received the defendants' appearance or Motion, as witnessed by his filing of a motion for default (Doc. No. 9), since defendants' papers were mailed to a former address. Plaintiff would have objected that the Motion for More Definite Statement lacked merit, for example, that specific statutory citations are unnecessary in a notice-pleading complaint (*Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997). Without waiving his objections, which plaintiff did not have a chance to present, plaintiff revises his complaint pursuant to Fed. R. Civ. P. 15(a) and the Court's Order, as follows:

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-646 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a. The complaint also seeks actual and punitive damages against defendants for wrongful deprivation of exempt property under 42 U.S.C. §1983 and under Conn. Gen. Stat. §§42-110g and 52-564.

EXHIBIT A

2. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

FACTS APPLICABLE TO ALL COUNTS

3. Plaintiff is a natural person who resides in CT.

4. Plaintiff has a disability based on which he receives social security benefits. He lived in handicapped housing.

5. Defendant Kusic owns and operates defendant National Recovery Agency (NRA), or adopted, ratified and approved its actions with regard to plaintiff.

6. Each Defendant is a debt collector within the FDCPA.

7. On and after January 1, 2000, defendant NRA communicated with plaintiff and others in an effort to collect a disputed debt to SNET Co.

8. The communications were both oral and in writing.

9. On and after January 1, 2000, defendant NRA took automated debits out of plaintiff's account which consisted of social security disability funds, without plaintiff's knowledge, permission, or consent due to his mental capacity, or after his lack of consent was made clear, contrary to 42 U.S.C. §407 which provides, in part: "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity."

10. Defendants took money out of plaintiff's exempt funds in his bank account, and after knowing it was claimed to be exempt, refused to release the funds.

11. Defendants did not send plaintiff notice prior to the date(s) it took money out of plaintiff's account.

12. Defendants caused plaintiff hardship, embarrassment, distress, inconvenience and the expense of bank charges.

FIRST COUNT

13. In the course of the aforesaid collection efforts, each defendant violated the FDCPA, *inter alia*, § 1692d (conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt); -e or e-(4), (5), (9), (10); -f or –f(1), (2), (6); or -g.

SECOND COUNT.

14. Within three years prior to the date of this action each Defendant has engaged in the aforesaid acts and practices as to plaintiff which violated the Creditors' Collection Practices Act, C.G.S. §36a-646 (if discovery shows purchase of the debt) or the Consumer Collection Agency Act, C.G.S. § 36a-800(a)

15. The facts alleged show that each Defendant has committed practices determined by the Connecticut Banking Department to be unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages for each communication against each defendant;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, including disgorgement of all exempt monies taken from deposit accounts and such other and further relief as law or equity may provide.