UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO            :   CASE NO.: 300CV02115CFD
                            :
v.                          :
                            :
NATIONAL RECOVERY AGENCY, INC. :
                            :
ARTHUR A. KUSIC             :
                            :   MARCH 1, 2004

**DEFENDANTS' MOTION FOR PERMISSION TO PROVIDE
SUPPLEMENTAL AUTHORITY IN SUPPORT OF
THEIR MOTION IN LIMINE #4
[ARGUMENT OR EVIDENCE CONCERNING ALLEGED SEIZURE OF
SOCIAL SECURITY FUNDS FROM PLAINTIFF'S BANK ACCOUNT]**

Defendants respectfully request permission to call to the Court's attention the following additional authority in support of their Motion in Limine #4, filed on February 10, 2004:

1. Defendants have filed their Motion in Limine #4 to prevent Plaintiff from attempting to introduce evidence or argument pertaining to the claim that Defendants violated 42 USC Section 407, in that Plaintiff has failed to plead ANY facts which would bring the present case within the ambit of that statute (42 USC Section 407).

2. As argued in the Memorandum of Law in Support of Defendants' Motion in Limine #4, 42 USC Section 407 applies to only two situations: (a) where a party takes Social Security funds by means of legal process; or (b) where a party secures an assignment of the future right to such Social Security benefits. Neither fact situation pertains to this case.

**ORAL ARGUMENT REQUESTED
NO TESTIMONY REQUIRED**

1

3. First of all, Plaintiff has never claimed that Defendants took Social Security funds by means of legal process.

4. Second, Plaintiff himself in his Opposition to this Motion in Limine, admits that there was no assignment of Social Security benefits ["... plaintiff did not assign or transfer his funds ..."].

5. Hence, it is clear that 42 USC Section 407 does not pertain to this case, and Plaintiff should not be allowed to argue to the jury that Defendants took Plaintiff's Social Security funds in contravention of this statute.

6. Plaintiff cites Albright v. Allied International Credit Corp., 2003 WL 22235092B (D.C. Cal. Aug. 25, 2003) as authority for the proposition that "the attempt to illegally take his social security funds is an unlawful threat within the FDCPA".

(a) first of all, Albright interpreted the phrase "or other legal process" in 42 USC Section 407, and concluded that the statute applied where a party utilized legal process to seize social security benefits, or threatened to utilize some judicial or quasi-judicial mechanism to seize another party's Social Security benefits. In the present case, Defendant NRA did not utilize judicial or quasi-judicial mechanism to seize Plaintiff's social security benefits, nor has Plaintiff even alleged that there was a threat from NRA to utilize some judicial or quasi-judicial mechanism to seize Plaintiff's Social Security benefits. Plaintiff simply asserts that Defendant NRA took the funds without Plaintiff's knowledge, permission, or consent.

2

(b) since Plaintiff has not alleged that Defendant NRA seized Plaintiff's social security funds through legal process or the threat of using such legal process, 42 USC Section 407 does not control and is not applicable. Plaintiff should be barred from alleging that Defendants violated this statute in supposedly seizing money from his bank account, which included funds from social security benefits, to pay Plaintiff's debt owing to SNET.

(c) The Court already found in its denial of Plaintiff's Motion for Partial Summary Judgment (see Document #107) that the Defendants did not make any threats against Plaintiff.

7. By making such an argument (that Defendant NRA violated 42 USC Section 407), Plaintiff would be improperly invoking the authority of this statute, and would mislead and inflame the jury to believe that Defendant NRA did something wrong, when it simply tried to make arrangements for the repayment of Plaintiff's debt to SNET.

Defendants respectfully ask that the Court grant their Motion in Limine #4.

Dated: March 1, 2004.

Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | | |
|---|---|---|
| MICHAEL GUILIANO | : | CASE NO.: 300CV02115CFD |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RECOVERY AGENCY, INC. | : | |
| ARTHUR A. KUSIC | : | |
| | : | MARCH 1, 2004 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANTS' MOTION FOR PERMISSION TO PROVIDE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION IN LIMINE #4 was mailed on March 1, 2004, first-class U.S. Mail, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

Eric T. Dean, Jr.
Federal Bar # ct 20622

4