UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

MICHAEL GUILIANO             :   CASE NO.: 300CV02115CFD
                             :
v.                           :
                             :
NATIONAL RECOVERY AGENCY, INC. :
ARTHUR A. KUSIC              :
                             :   MARCH 8, 2004

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR OPPOSITION TO PLAINTIFF'S
MOTION TO TRANSFER TRIAL

Defendants, by counsel, submit the following memorandum of law to the court, in support of their opposition to Plaintiff's Motion to Transfer Trial in this case:

### I. IN CONSIDERING A MOTION TO TRANSFER UNDER 28 USC SECTION 1404(c), THE COURT LOOKS TO THE FACTORS RELEVANT TO CHANGE OF VENUE MOTIONS UNDER 28 USC SECTION 1404(a).

As stated by the Court in Aramburu v. Boeing Co., 896 F.Supp. 1063 (D. Kan. 1995), in ruling on a Motion to Transfer under 28 USC Section 1404(c), the Court looks to the factors relevant to change of venue motions under 28 USC Section 1404(a).

### II. IN ORDER TO SUSTAIN A MOTION TO TRANSFER, A PARTY HAS A HEAVEY BURDEN OF PROOF TO DEMONSTRATE ACTUAL HARDSHIP, AND NOT MERE INCONVENIENCE.

The case law is clear that in order to sustain the burden of proof to support a transfer of venue, the moving party must demonstrate actual hardship. See Mazinski v. Dight, 99 F.Supp. 192 (DC Pa, 1951). Most cases in which such transfer is sought

1

involve large distances, which would potentially cause serious hardship for witnesses, for instances, from California to New York [see Photoactive Prods., Inc. v. Al-Or Int'l Ltd, 99 F.Supp.2d 281 (ED, NY, 2000); from Massachusetts to Illinois [see S.O.S. Co. v. Bolta Co., 117 F.Supp. 59 (DC Ill, 1953); or from New York to Louisiana [see National Tea Co. v. The Marseille, 142 F.Supp. 415 (DC NY, 1956); at that, these cases often deal with situations where witnesses would have to <u>repeatedly</u> travel for various court hearings, rather than a situation where they would only have to appear at trial only once.

Where the transfer between districts (or between courts in one district) involved only a difference of 90, 60, or 50 miles, courts have denied Motions for Transfer. See Hathi v. Frischer, 645 F.Supp. 360 (ED Pa, 1986); McRae v. Sawyer, 660 F.Supp. 62 (SD Miss., 1986); Bevil v. Smit Ams., 883 F.Supp. 168 (SD Tex, 1995).

In the present case, the differential in the distance from West Haven to New Haven, as compared with the distance from West Haven to Hartford is about 37 miles. In the case of Zhu v. Countrywide Realty Co., 160 F.Supp.2d 1210 (D.Kan. 2001), the Court considered a request for transfer under 1404(c) [the same type of request made in the present case], which involved moving a case from Kansas City to Topeka, a distance of 62.03 miles from one federal courthouse to the other (See Exhibit A, attached hereto and incorporated herein). The Court in Zhu v. Countrywide Realty Co. denied the Motion to Transfer, and stated:

> Many attorneys and judges, including judges in this Court, commute between Topeka and Kansas City on a daily basis. The administrative difficulties and potential delay that would be created by transfer are considerable. (at pages 1228-29)

In the present case, the same could be said: that many people commute between New Haven and Hartford, Connecticut, on a daily basis, and that "the administrative difficulties and potential delay that would be created by transfer are considerable." For authority stating that delay in one factor considered in denying a motion to transfer, see Allen v. Scribner, 812 F.2d 426 (CA 9 Cal, 1987), amd 828 F.2d 1445 (CA 9 1987).

Defendants ask the Court to follow the reasoning and ruling of the Court in Zhu v. Countrywide Realty Co, and deny Plaintiff's Motion to Transfer.

### III. PLAINTIFF HAS FAILED TO DEMONSTRATE THE ELEMENTS REQUIRED IN ORDER TO SUPPORT A MOTION TO TRANSFER, BASED ON THE AVAILABILITY OF OR CONVENIENCE TO MATERIAL WITNESSES.

The only affidavit which Plaintiff attaches to his Motion to Transfer is from a Hazel Patterson, who identifies herself as a "material witness" in the present case. In order to support a Motion for Transfer based on the availability of or convenience of a material witness, a party must present certain information to the court:

(a) the movant must clearly specify key witnesses to be called; and

(b) the movant must provide precise information, in affidavit form, about the anticipated areas of testimony of the supposed material witnesses. See Car-Freshner

3

Corp. v. Auto Aid Mfg. Corp., 438 F.Supp. 82 (ND NY, 1977) [must provide anticipated area of testimony]; Clay v. Overseas Carriers Corp., 61 FRD 325 (CD Pa, 1973) [statements should be provided re materiality of testimony]; Sohns v. Dahl, 392 F.Supp. 1208 (WD Va, 1975) [courts demand that affidavits specify what helpful testimony the witness would provide]. Mere conclusory allegations are insufficient. J.I. Kislak Mortg. Corp. v. Connecticut Bank & Trust Co., NA, 604 F.Supp. 346 (SC Fla, 1985).

In the present case, Plaintiff has provided, literally, NO information concerning what Hazel Patterson would testify to, were she to appear as a witness in the present case. In that Plaintiff has a heavy burden of proof, and must present a clear case for transfer, the Court should deny Plaintiff's present Motion to Transfer. See Ford Motor Co. v. Ryan, 182 F.2d 329 (CA 2, NY, 1950), cert den (1950) 340 U.S. 851, 95 L.Ed. 624, 71 S.Ct. 79.

## IV. IF PLAINTIFF AND MS. PATTERSON HAVE NO ALTERNATIVE MEANS TO TRAVEL FROM WEST HAVEN TO HARTFORD, DEFENDANTS' ATTORNEY CAN GIVE THEM A RIDE.

If Plaintiff and Ms. Patterson literally have no means of traveling to Hartford for trial in this case, and cannot even get a ride with their own attorney, who lives in New Haven, then Defendants' attorney, Eric Dean, is willing to give Plaintiff and Ms. Patterson a ride from West Haven to Hartford. Attorney Dean lives in Hamden, and can

pick up Plaintiff and Ms. Patterson before leaving for Hartford on the days of the trial. He owns a Ford Focus wagon, and Plaintiff and Ms. Patterson could sit in the back seat together, and Attorney Dean would not talk with them during the trip to Hartford.

### V. CONCLUSION.

Plaintiff has failed to carry his burden of proof to support transfer of this case. Plaintiff has failed to demonstrate that there is a severe hardship, which would prevent him from traveling from West Haven to Hartford for trial in this case. Plaintiff has failed to provide the required elements of an argument for transfer based on the unavailability of a material witness. Defendants oppose any transfer, and any delay in resolving this case. Defendants ask that the Court deny Plaintiff's Motion to Transfer.

_____
Eric T. Dean, Jr.
Marcus Law Firm
111 Whitney Ave.
New Haven, CT 06510
Federal Bar # ct-20622
ATTORNEY FOR DEFENDANTS



Send To Printer  Back To Directions

**Start:** 500 State Ave
Kansas City, KS
66101-2448 US

**End:** 444 Se Quincy St
Topeka, KS
66683-0001 US

**Distance:** 62.03 miles

**Total Estimated Time:** 59 minutes

## Need InK?

**Buy printer cartridges:**
Save up to 75%
Free UPS 2-day shipping

Buy Now!

www.InkSell.com

| Directions | Distance |
|---|---|
| 1. Start out going South on N 5TH ST toward MINNESOTA AVE. | 0.1 miles |
| 2. Turn LEFT onto ARMSTRONG AVE. | 0.2 miles |
| 3. Merge onto I-70 W (Portions toll). | 61.0 miles |
| 4. Take the exit- exit number 362A- toward 4TH STREET. | 0.1 miles |
| 5. Stay straight to go onto SE MADISON ST. | <0.1 miles |
| 6. Turn LEFT onto SE 4TH ST. | 0.2 miles |
| 7. Turn LEFT onto S KANSAS AVE. | <0.1 miles |
| 8. Turn LEFT onto SE 5TH ST. | <0.1 miles |
| 9. Turn LEFT onto SE QUINCY ST. | <0.1 miles |

**END** End at 444 Se Quincy St, Topeka, KS 66683-0001 US

EXHIBIT A



**Start:**
500 State Ave
Kansas City, KS
66101-2448 US

**End:**
444 Se Quincy St
Topeka, KS
66683-0001 US





**Notes:**

All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| MICHAEL GUILIANO | : CASE NO.: 300CV02115CFD |
| | : |
| v. | : |
| | : |
| NATIONAL RECOVERY AGENCY, INC. | : |
| ARTHUR A. KUSIC | : |
| | : MARCH 8, 2004 |

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing <u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER TRIAL</u> was mailed, first-class U.S. mail, on March 8, 2004, to:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422

_____
Eric T. Dean, Jr.
Federal Bar # CT-20622